Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Katharine Malone (State Bar No. 290884)
Chris K.L. Young (State Bar No. 318371)
Kyle P. Quackenbush (State Bar No. 322401)
Anupama K. Reddy (State Bar No. 324873)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:  (415) 500-6800
Facsimile:   (415) 395-9940
Email:    jsaveri@saverilawfirm.com
              swilliams@saverilawfirm.com
              kmalone@saverilawfirm.com
              cyoung@saverilawfirm.com
              kquackenbush@saverilawfirm.com
              areddy@saverilawfirm.com

*Counsel for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AGUSTIN CACCURI, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br>      v.<br><br>SONY INTERACTIVE ENTERTAINMENT LLC,<br><br>                              Defendant. | No. 3:21-cv-03361-RS<br><br>PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (L.R. 3-12, 7-11) |
| ADRIAN CENDEJAS, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br>      v.<br><br>SONY INTERACTIVE ENTERTAINMENT LLC and SONY GROUP CORPORATION,<br><br>                              Defendants. | No. 3:21-cv-03447-JCS |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Civil Local Rules 3-12 and 7-11, Plaintiff Adrian Cendejas submits this administrative motion to consider whether *Cendejas v. Sony Interactive Entertainment, LLC, et al.* No. 3:21-cv-03447-JCS (N.D. Cal.) (the "*Cendejas* Action") filed in this district on May 7, 2021 should be related to *Caccuri v. Sony Interactive Entertainment, LLC*, No. 3:21-cv-03361-RS (N.D. Cal.) (the "*Caccuri* Action"), now pending in this District before this Court.

## INTRODUCTION

The *Cendejas* Action should be related to the *Caccuri* Action. The *Cendejas* Action concerns substantially the same parties, transaction and events at issue in the *Caccuri* Action. Saveri Decl., Ex. A (*Cendejas* complaint)[1] In both actions, the plaintiffs allege that the same party (Sony[2]) has engaged in an anticompetitive scheme to monopolize the PlayStation 5 digital video game market. The exact same transactions and events will be at issue in both cases, including Sony's decision to prohibit retailers from selling digital codes for PlayStation 5 video games. Judicial economy and efficiency favor the Court finding that the cases are related; if the cases are not related, then it is likely to result in duplication of efforts, increased burden on the courts, and expense for the parties. The Plaintiffs in the *Cacurri* Action do not oppose this motion to relate. Saveri Decl., ¶ 4. Defendant Sony Interactive Entertainment LLC has been served but has not yet appeared. *Id.* Defendant Sony Group Corporation has not appeared. *Id.*

## DISCUSSION

The *Cendejas* and *Caccuri* Actions fall squarely within the definition of "Related Cases" under the Civil Local Rules. Civil Local Rule 3-12(a) provides that actions are related when "(1)

---

[1] "Saveri Decl." refers to the Declaration of Joseph R. Saveri in Support of Plaintiff's Administrative Motion to Consider Whether Cases Should be Related, concurrently filed herewith.

[2] Both Actions name Sony Interactive Entertainment, LLC ("SIE") as a defendant, and the *Cendejas* Action names SIE's parent company, Sony Group Corporation.

the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Both parts (1) and (2) of the definition of a related case apply here.

*First*, the *Cendejas* and *Caccuri* Actions concern substantially the same parties, property, transaction or events. Both are proposed antitrust class actions against Sony, alleging that Sony engaged in an anticompetitive scheme to monopolize the market for digital copies of PlayStation 5 video games. Both complaints focus on the same actions by Sony, such as its decision to prohibit retailers from selling digital download codes for PlayStation 5 ("PS5") video games. Although the *Cendejas* action alleges additional misconduct—Sony's decision to tie its PlayStation Store with its PlayStation 5 Digital Edition—this conduct emanates from the scheme alleged in both complaints, Sony's monopolization of the PS5 digital video game market. Plaintiffs in both actions directly purchased digital video games from Sony through the PlayStation Store. Both actions assert claims under federal antitrust law. Both actions request damages, declaratory judgment, and injunctive relief.

*Second*, "burdensome duplication of labor and expense" will result if the matters proceed before different courts. Civil L.R. 3-12(a)(2). This Court, as part of the *Caccuri* Action, will already have to adjudicate the antitrust claim of the *Caccuri* plaintiff. That adjudication will require a detailed factual examination of the relevant market as well as Sony's business operations, including its decision to terminate interoperability with digital download codes. A different court would not have the same familiarity with the predicate facts, meaning that the other court and the parties would need to expend significant time and resources to duplicate the efforts that this Court will undertake. Furthermore, the parties in the *Cendejas* and *Cacurri* Actions will need to brief similar issues, and produce similar expert reports, which require significant time and money that would be better spent through coordinated efforts.

Courts in this District also routinely order that cases are related when they involve the same antitrust claims against the same defendants brought by different plaintiffs. *See, e.g.*, Order

Relating Cases, *Reece v. Altria Group, Inc., et al.*, No. 20-cv-02345-WHO (N.D. Cal. May 7, 2020), ECF No. 27.

## **CONCLUSION**

Given the common parties, allegations, and requested relief, adjudication of these actions before separate judges would create both an unduly burdensome duplication of labor and expense and the possibility of conflicting results. Relating the *Cendejas* Action with the pending *Cacurri* Action will help eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.

For the reasons set for above, Plaintiff Cendejas respectfully requests that the Court relate the *Cendejas* Action to the *Cacurri* Action, pursuant to Local Rule 3-12(a).

Dated: May 25, 2021                By:    /s/ *Joseph R. Saveri*
                                                    Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Katharine Malone (State Bar No. 290884)
Chris K.L. Young (State Bar No. 318371)
Kyle P. Quackenbush (State Bar No. 322401)
Anupama K. Reddy (State Bar No. 324873)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:  (415) 500-6800
Facsimile:   (415) 395-9940
Email:   jsaveri@saverilawfirm.com
             swilliams@saverilawfirm.com
             kmalone@saverilawfirm.com
             cyoung@saverilawfirm.com
             kquackenbush@saverilawfirm.com
             areddy@saverilawfirm.com

*Counsel for Plaintiff and the Proposed Class*