UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Araceli Martinez-Olguin, District Judge

CACCURI,                        )
                                )
          Plaintiff,            )
                                )
vs.                             )   No. C 21-03361-AMO
                                )
SONY INTERACTIVE                )
ENTERTAINMENT, LLC,             )
                                )
          Defendant.            )
_____)
                                )
CENDEJAS,                       )
                                )
          Plaintiff,            )
                                )
vs.                             )   No. C 21-03447-AMO
                                )
SONY INTERACTIVE                )
ENTERTAINMENT, LLC,             )
                                )
          Defendant.            )
_____)
                                )
NEUMARK,                        )
                                )
          Plaintiff,            )
                                )
vs.                             )   No. C 21-05031-AMO
                                )
SONY INTERACTIVE                )
ENTERTAINMENT, LLC,             )
                                )
          Defendant.            )
_____)

                        San Francisco, California
                        Thursday, October 12, 2023

2

TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
RECORDING 9:58 - 10:16 = 18 MINUTES

APPEARANCES:

For Plaintiff:
                              Motley Rice, LLC
                              777 Third Avenue
                              27th Floor
                              New York, New York 10017
                    BY:  MICHAEL MORRIS BUCHMAN, ESQ.

                              Joseph Saveri Law Firm, LLP
                              601 California Street
                              Suite 1000
                              San Francisco, California
                                94108
                    BY:  STEVEN NOEL WILLIAMS, ESQ.
                              ALYSSA BUCHANAN, ESQ.

For Defendant:
                              Shearman & Sterling, LLP
                              535 Mission Street, 25th Floor
                              Suite 900
                              San Francisco, California
                                94105
                    BY:  JOHN F. COVE, JR., ESQ.
                              PATRICK THOMAS HEIN, ESQ.

Transcribed by:               Echo Reporting, Inc.
                              Contracted Court Reporter/
                              Transcriber
                              echoreporting@yahoo.com

3

Thursday, October 12, 2023                           9:58 a.m.

                    P-R-O-C-E-E-D-I-N-G-S

                         --oOo--

        THE CLERK:  Calling civil matters 21-3361, 21-3447, 21-5031, Caccuri v. Sony Interactive Entertainment, Cendejas v. Sony Interactive Entertainment, and Neumark v. Sony Interactive Entertainment.

    Counsel, please come up to the podiums and state your appearances for the record.  Please make sure to speak directly into the mic for a clean record.

        MR. BUCHMAN (via Zoom):  Good morning, your Honor. Michael Buchman from Motley Rice in New York on behalf of Plaintiffs.  Your Honor, with me this morning are Alyssa Buchanan and Steve Williams from the Joseph Saveri Law Firm.

        THE COURT:  Good morning.

        MR. WILLIAMS:  Good morning.

        MR. COVE (via Zoom):  Good morning, your Honor. John Cove from Sherman and Sterling on behalf of Sony Interactive Entertainment, LLC.  And with me is my colleague, Patrick Hein.

        MR. HEIN (via Zoom):  Good morning, your Honor.

        THE COURT:  Good morning.

    All right, Counsel, we're here just to put in -- you know, I have in front of me the case management statements that you all filed over time.  I think we're mostly here

4

just to figure out what to do with you all going forward.

Let me start with this actually. I understand that you do -- like there are -- we're calling three cases together. So, I just want to ask you all to please prepare a stipulation to consolidate -- an order to consolidate the cases just so that we have that done. And my sense is that that won't reopen your pleadings, and I would appreciate you all confirming that that's your sense as well.

MR. BUCHMAN: We -- we will gladly do that, and we don't believe that the pleadings should be -- I mean, there's -- I'm glad you're consolidating all three Plaintiffs.

MR. COVE: That's fine, your Honor. We're happy to make that motion within 10 days if it's with the Court's approval.

THE COURT: That's wonderful, and I appreciate you giving a firm deadline. I'm still getting use to that.

So, the -- the thing that I've noted is that over time, like, each of -- each of your case management statements has -- has started to put things back which I respect, but on some level, I think the part that had left me a little quizzical is that it looks like Judge Seeborg denied the motion to dismiss back in March, and you had an initial CMC back in March. It looks like Plaintiffs did their first set of requests for production in April. You have very minimal

5

discovery to date, and I think I'm just a little surprised that not more has happened in this case. And, so, that and I'm not inclined to give you as much time as you're looking for because I just want to keep you all moving.

At some point -- I know you've been waiting on a protective order, but I also want to note that you didn't submit one until September 28. That's been granted. That was granted yesterday I believe. So, you all should be able to keep moving.

If it's the protective order that was holding things up, I would have hoped or expected that you all would have gotten that in here sooner.

MR. BUCHMAN: Your Honor, Michael Buchman for Plaintiffs. I was in trial in April in the Eastern District of Virginia, which delayed things a bit. We have been trying to move forward with the Defendants. We're working on custodians. We're working on search terms. The protective order did impede our ability to get access to certain documents that the Defendants were withholding on confidentiality grounds, but now that the protective order is entered, we should have access to those documents and should be able to move forward on custodians and search terms very shortly.

MR. COVE: Yes, your Honor. John Cove. We -- we agreed to produce documents, you know on the terms of eyes

6

only agreement with the Plaintiffs.  However, we could not do that with regard to documents that contain information of -- confidential information of third parties.  Now that that's in place, we can notify the third parties, and -- and we'll be going.

So, we are -- I hear what your Honor has said.  We -- I think we both thought we'd be a little farther along, but certainly we are moving with -- with all the deliberacy now.

THE COURT:  Let me ask you all.  I have -- I have the request from Plaintiffs for fact discovery not to close until July 2025.  Again, you all have been in discovery since March of 2023 -- March of this year.  So, I need you to please help me understand what it is that you think should take that long to get there, and maybe you just -- I'm sure this is in your statement, and I apologize.  I don't have it at my fingertips, but are you all proposing an expansion of the basic discovery?

MR. BUCHMAN:  Your Honor, Michael Buchman for Plaintiffs, and what I'm proposing with regard to this schedule is that the fact discovery and when the Plaintiffs' class certification reply brief is filed -- and here's the reason why.  It's been my experience from time to time that sometimes in class cases, when the Defendants submit their opposition to class certification, that they raise new facts or issues which requires some additional discovery.  And in

7

the event that discovery already closed, it creates a bit of a predicament.  So, it was my feeling that in connection with this case, based on my experience, I wanted to leave fact discovery open in case that it did arise in connection with the Defendant's opposition to class certification.

THE COURT:  I have -- I have -- just briefly before you respond.  I did have in front of your statement indicating that you think it should close before the class cert motion so that you're -- so that you're working with the same body.

MR. COVE:  Yes.  And -- and -- yes.  We really -- we proposed that it close in December of -- of next year when we finish our document production in March, which is -- you know, is a long time to take depositions, but we -- we think that's reasonable.  We think that if something else comes up in the class certification papers that require a factual discovery, the parties can meet and confer about it, and if they can't agree, they can -- they can, you know, seek relief from the Court, but rather than leaving a wide open discovery period while we're (indiscernible) the class, and, you know, in a case like this, there -- the merits are going to overlap with the class.  There's going to be a tremendous amount of data based on the millions and millions and millions of transactions that are involved in the -- in the putative class.  So, we think we can -- we can get it

all done by the end of next year.  They have a generous amount of time to work on their class papers during the three-month break and -- and move forward from there.  At least that's what we propose.

THE COURT:  Yes.  Can I ask you, knowing that you have agreed to a joint deadline for substantial completion of document discovery, so, can you all just address -- I -- there's two pieces here -- oh, I see, your proposal is that the deadline to serve document request is -- is March 31st.

I guess I don't quite understand your proposal, Plaintiff's proposal that the deadline to serve document requests be July 11th if you still have the joint proposal -- I'm sorry -- July 25, but you have a joint proposal of a -- of a substantial completion of document production by May 31st of '24.

MR. BUCHMAN:  So, our view, your Honor, is that we shouldn't be bound at all to serve document requests in this case until the close of fact discovery or at least 30 days before.  But, given that, if we were going to be bound to a date certain, it should be well after the substantial completion of document production so that we can have an -- we can make an informed decision as to whether or not we need additional document requests t o be served.  But, given the Defendant's proposal, it would prevent us from making a meaningful decision because the substantial completion of

9

the document production would not be -- would not have occurred by the time.

THE COURT:  Let me take one step back because I -- I think I have to stop, and if you've asked it, I apologize. I'm just not remembering it.  How many -- how many requests for production do you anticipate having in this case?

MR. BUCHMAN:  Your Honor, we're trying to keep this very surgically precise.  And, in fact, the discovery that we --

THE COURT:  Give me a number.  Give me a ballpark. I'm not going to hold you to it.  I'm just -- because on the end, it's Defendants who will push you on -- on that number. I just want to get a feel for it because normally what I do, usually I'll use that to help me think about how big discovery you think -- how large it's going to be, how many depositions you're going to take.  And I normally set a timeline based on that because, to my mind, even if you find yourself needing to come to me or a Magistrate Judge just for relief to get Defendants to compel in some way, there's a difference between having 100 requests for production versus 15.  So, I'm just trying to get a sense of how large this is.

MR. BUCHMAN:  Fair enough, your Honor.  I don't recall the exact number that we issued back in the spring this year.  I can tell you that we were aiming for 30

requests.  Whether we went slightly over or under, I'm not quite sure, but I can tell you that we were trying to be surgically precise.  And I would note for the record here also, your Honor, that we didn't ask for all documents.  At times we did ask for documents sufficient to show.  So, we are very mindful.  We do not expect this to be document requests within the 100's, nor do we expect it to be over 50 to 60.  We expect it under 50 to 60.

THE COURT:  And how many depositions?

MR. BUCHMAN:  At this time, your Honor, it's very difficult for me to say.  It's certainly going to be more than 10.  The reason why I'm hedging is because, with all candor, we expected this to be an issue that involved North America.  The discovery that we have received so far from the Defendants suggest that this is more international in scope and there may be issues regarding the UK or Japan.  So, there may be depositions abroad.  I can't tell right now.  Based on the documents that we have reviewed and the custodian list that they have put together, there are 71 custodians that we are discussing with the Defendants next week.  We don't expect the custodian number to be that large at the end of the discussion, but given the documents that we have received so far and the questions that we do have for them, that's the number at this time.

MR. COVE:  Well, we think 71 is an extraordinary

11

number, and we're going to engage with -- with the Plaintiffs on that.  At this point, we think not more than 10 depositions of parties would be appropriate.  But I think this is something that we can meet and confer on as we -- as we are.  We -- we've proposed 30 custodians who provided the core documents.  We do not think the case is as broad as -- as Mr. -- as the Plaintiffs do.  But I -- I'm not sure we have to resolve that yet.  I think this will be a subject of I'm sure an order or that we meet and confer, but we -- you know, we -- we are working on producing documents from custodians that we have offered and I'm sure we'll offer -- we'll come up with some more, but -- but this is -- you know, this case is about a decision that took place in -- prior to April of 2019 to discontinue the cards.  The -- the decision made, it was -- of course, it was discussed before -- before April of 2019.  We're still looking at those documents.  We've them what I think are the core documents that show the reasons why the company did it.  We certainly are not representing that we've given them every document. We are -- we are still searching for those kind of things, and it's true that this was a -- a worldwide decision, but that doesn't mean that we get the discovery from Japan or China which they've asked for.  There are -- you know, the -- this company, Sony Interactive Entertainment and Play Station is headquartered in San Mateo.  That's where the

12

decisions are made.  And there are people in the UK who were involved, but we don't think it's any kind of worldwide case.  Their market -- their grass roots is the U.S.  And that's -- that's -- you know, that's where discovery is appropriate.

THE COURT:  And I do believe that you all do need to have a meet and confer and sort of pin down as best as you can the scope of discovery.  I'm looking just for ballparks to get a feel for what -- maybe why you've been stalled.  It looks to me like stalled or at least a -- and I appreciate you've got a trial, and yes, I will share with you all that this was a case that was filed in 2021.  And, so, my instinct is to keep you all moving and running.

I have your proposal in front of me.  I will likely -- I appreciate that you've only gone through class cert.  That is usually my inclination as well, to get you through that point and then figure out what we need to do beyond that.  I just want to preview for you that you're not going to get as generous a proposal as Plaintiffs have got because of the interim of the time, because you've had some time.  You -- you've had seven months, and I don't know what's come of it.  Or you have -- you have submitted 300 documents.  So the rest I need you to move along swiftly.  I will likely give you -- I think that your -- your proposal for the -- you're both proposing -- right, you're -- both proposals were to

have document objections and fact objections done by May of next year.  That may be fine.  That one we may keep.  I think your -- the deadline for the completion of fact discovery is very unlikely to run into 2025 at all.  So, I just want to preview it out for you.  I will go noodle with these dates a little bit more.  They -- they look more like Sony's proposal.  And I intend and I anticipate that I will likely also just set a further CMC for you all sometime from now, maybe before -- maybe before we get to class cert in -- in case -- I'd rather give you all tight deadlines and have you tell me that you're having a problem meeting them than put you out and have you -- and have you thinking that you've got time, because you don't.

          MR. COVE:  Understand, your Honor.

          THE COURT:  Okay.

          MR. BUCHMAN:  Understood, your Honor.  And, again, the only reason for the July date of 2025 tied to class cert was because of an issue arising.  If the Court would like a shorter schedule, we're happy to do that with one caveat that we would -- may bring an issue to the Court if new issues arise in opposition to class cert.  That's all, but that's fine.

          THE COURT:  No, that's fine.  I anticipate that, and I imagine that it's -- if something turns up in the discovery, I can't imagine that the Defendants or the Court

14

would be surprised if you want to then move to amend your complaint and move your deadlines to try and explore it. It's just more a matter of you have -- you have -- you have this complaint as you have it now. And, so, let's move it along. And if something else turns up, we'll go from there.

Counsel, anything -- you -- you should get something from us tomorrow and if not tomorrow, by the end of the week. But is there anything -- those are all motions. I have one other thing from you all with regard to ADR.

I noticed that your statement indicates that you complied with the Local Rule, but I'm curious have you all gone to any form of alternative dispute resolution at this point?

MR. BUCHMAN: We have not, your Honor. We've discussed a proposed mediator, but we're -- we think it's premature based on the Defendant -- the Defendants believe it's premature at this time. We're open to mediation at any time.

THE COURT: So, in this District, we tend to favor -- some sort of early mediation. You -- you -- we have everything from an early (indiscernible) to a court-sponsored program.

MR. COVE: We can -- we can certainly discuss this in -- you know, we've discussed it with the Plaintiffs. We think it's premature in light of the case and the closeness

of the loss on the motion to dismiss and the (indiscernible) the class, which, as I said, no turning back (indiscernible) is in the final state.  So I don't think there's a lot of room there, but, nevertheless, we'll take that back the client and maybe an early neutral evaluation might be appropriate.  I'm on the panel of early neutral evaluators. I think that's a very valuable program.  So --

THE COURT:  You're in a unique position to sell that to your client.  For what it's worth, normally what I do is also ask the -- it's -- I'm not giving you all -- you've had an initial CMC with Judge Seeborg.  So, I'm not inclined to go through all the steps with you, but often what I do is ask how much discovery you can defer to be useful.  And, so, because I don't want to order -- we normally have a deadline for that to happen as well, for you all to -- either a mediator, opt for early neutral evaluation, something.

Go ahead.

MR. COVE:  Okay.  We -- we'll talk to our client again and consult with the Plaintiffs and --

THE COURT:  All right.  Expect that in the deadline that you'll -- in the e-schedule that you'll get by the end of the week, there will be a request for a status update from you --

MR. COVE:  Okay.

16

THE COURT: -- with regard to that. Again, I like to keep things moving. So, expect -- expect that.

One last thing. Mr. Buchman, I believe you have not yet complied with Local Rule 315 which is -- which is to say you haven't filed a certificate of interested entities or persons.

MR. BUCHMAN: Correct. We will do that, your Honor, within the next 10 days as well. These are all individuals that (indiscernible) disclosures will be easily met.

THE COURT: Thank you. Okay. Again, I'm making sure that you've got every --

MR. BUCHMAN: Yes. We're aware of the issue. Thank you.

THE COURT: All right. Counsel, unless you have anything else.

MR. COVE: We have nothing else, your Honor.

THE COURT: Thank you for coming in person.

ALL: Thank you, your Honor.

(Proceedings adjourned at 10:16 a.m.)

17

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

Echo Reporting, Inc., Transcriber

Friday, October 27, 2023

*Echo Reporting, Inc.*