UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUSTIN CACCURI,<br><br>Plaintiff,<br><br>v.<br><br>SONY INTERACTIVE ENTERTAINMENT LLC,<br><br>Defendant. | Case No. 21-cv-03361-AMO<br><br>**ORDER RE DISCOVERY LETTER BRIEFS**<br><br>Re: Dkt. Nos. 154-2, 154-7 |

On April 11, 2024, the parties filed two discovery letter briefs. ECF 154-2, 154-7. The first letter brief concerns the parties' dispute about "the appropriate starting point for the time frame for SIE's responses to Plaintiffs' Requests for Production." ECF 154-2. The second letter brief concerns the parties' disagreement about additional ESI custodians. ECF 154-7.

## I. Relevant Time Period

Regarding the appropriate starting point for the relevant time period, lead trial counsel for the parties are directed to further meet and confer by no later than May 7, 2024. If that further meet and confer does not resolve the dispute, Sony shall make a Rule 30(b)(6) designee available, by no later than May 14, 2024, to testify on the topic of when discussions about the decision to discontinue sales of videogame download codes at U.S. retailers first arose. The deposition shall be limited to two hours on the record and shall be conducted via Zoom unless the parties agree otherwise. Within two days of the deposition, lead trial counsel shall further meet and confer. If the parties are unable to resolve the dispute, Plaintiffs may file a renewed joint discovery letter brief[1] within three days of the parties' further meet and confer. As part of their discussions, the

---

[1] Any renewed joint discovery letter brief must be filed correctly, unlike the current submissions. The parties shall review Civil Local Rule 79-5 and the related instructions for filing documents

parties should consider whether a viable compromise is allowing discovery, as to a targeted subset of custodians, for some reasonable period prior to 2018.

## II. ESI Custodians

Regarding the parties' second discovery letter brief, the Court grants Plaintiffs' request to add one additional custodian: Toby Morrish, who was VP of Business Management. Morrish, served as an observer or corporate secretary for certain committee groups, at the time of the decision giving rise to Plaintiffs' claims. *See* ECF 154-7. Sony indicates that Morrish was responsible for publishing meeting minutes, many of which Sony claims it has already produced. *Id.* However, the document Plaintiffs offer in support of their request to add Morrish as a custodian reflects a communication in which Morrish is conveying certain management preferences and the anticipated timeline for finalizing a decision. No other custodians are on the email, though it is ultimately forwarded to three current custodians. In light of this, the Court finds that Morrish is likely to possess relevant ESI.

The Court denies Plaintiffs' request to add six custodians at this time. The document Plaintiffs cite in support of their request to add Hiroki Totoki, Sony's current Interim CEO,[2] shows that he approved a credit limit for certain U.S. retailers. *See* ECF 154-8. While a generous reading of the document may support Plaintiffs' assertion that Totoki "was previously involved in the U.S. market," it does not substantiate Plaintiffs' claim that "Totoki had responsibility for and involvement in issues concerning this case." *See* ECF 154-7 at 2; ECF 154-8. Plaintiffs' other argument – that Totoki, when assuming his current role, must have been "fully appraised [*sic*] and informed" about the issues in this case by his predecessor, James Ryan – is speculative. If, as Plaintiffs contend, Totoki was so fully informed by Ryan, something more concrete justifying the

---

under seal in civil cases, available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/e-filing-my-documents/e-filing-under-seal/, prior to filing any renewed joint discovery letter brief. Any non-compliant filing may be summarily stricken. Chambers copies of any filing shall be provided within 3 days, as required by the Court's Standing Order for Civil Cases ¶ H.6.

[2] Totoki is also the President, COO, and CFO of non-party Sony Group Corporation. ECF 154-7 at 5. He did not have any role at Sony Interactive Entertainment until October 2023, when he was appointed Chairman. *Id.* He became interim CEO on April 1, 2024. *Id.*

2

addition of Totoki as a custodian would appear in Ryan's files, which are available to Plaintiffs, as Ryan is currently one of the twelve custodians the parties have already agreed to. *See* ECF 154-7 at 5.

Plaintiffs cite no material in support of their assertions that Monica Knight, a Director of Planning Analysis, and Tim Stokes, a member of the Sony's Executive Communication Committee, are likely to possess relevant ESI. *See* ECF 154-7 at 3, 4. In addition, Plaintiffs do not address Sony's representation that Knight's direct report and two supervisors are already custodians. *See id.* at 3-6. Nor do Plaintiffs address Sony's representation that two other members of the Executive Communication Committee of which Stokes is a member are also already custodians or its assertion that Tim Stokes had no responsibility for U.S. sales. *See id.*

Plaintiffs' request to add Philippe Cardon, a now retired VP of Western and Southern Europe, and Simon Rutter, former Executive VP of Business Management and Head of Europe Operations, fares no better, even though Plaintiffs do cite some documents in support of their request to add these individuals as custodians. *See* ECF 154-7 at 2-3. In one of the documents mentioning Cardon, Rutter identifies him as the "executive responsible for cross-territory Gamestop relations." ECF 154-10. The other document mentioning Cardon shows he was involved in the product strategy for digital games on a global level. ECF 154-9. It also contains a message from Rutter, which reflects his involvement in the same discussion about digital game product strategy. ECF 154-9

Sony explains that Cardon and Rutter are both ex-employees of one of Sony's foreign affiliates, and neither of them were responsible for U.S. sales. ECF 154-7 at 6. Based on Plaintiffs' current proffer and Sony's representations, the Court will not expand the list of custodians to include these individuals without a more concrete showing as to their U.S.-related work, *see Epic Games, Inc. v. Apple Inc.*, No. 20-CV-05640-YGR-TSH, 2020 WL 7779017, at *2 (N.D. Cal. Dec. 31, 2020) ("To show relevance, [the plaintiff] . . . must explain . . . how the foreign documents it seeks would tend to prove or disprove claims under U.S. or California law, claims that by definition have a limited geographic reach."), and the relevant proportionality factors, *see* Fed. R. Civ. P. 26(b)(1).

3

In support of their request to add Michael Pattison, VP of Global Third-Party Relations at Sony's London affiliate, as a custodian, Plaintiffs cite a cover email to Pattison, Phil Rosenberg, and Brad Chester, attaching a slide deck[3] about the digital pin business. ECF 154-12. Plaintiffs explain that a digital pin is a voucher code printed on a receipt after the customer has made a direct purchase from a retailer. ECF 154-7 at 3. The customer would then access the PlayStation Store and enter the code for the full game download. *Id.* Plaintiffs rely on the document cited to establish that "Pattison believed that if digital games were eliminated at retail, download content should not be eliminated at the same time. Since [Sony] relied upon Mr. Pattison to speak with developers about the policy change, his views concerning the policy and its impact on developers are highly relevant to this case." ECF 154-7 at 3. Sony, however, explains that Pattison's role was to communicate with developers after Sony made the decision Plaintiffs challenge. ECF 154-7 at 6. Sony also states, and Plaintiffs do not address, that Pattison's supervisor is already a custodian. Accordingly, in light of parties' respective proffers as to Pattison, the Court declines to add him as a custodian at this time.

For the reasons set forth above, Plaintiffs' request for additional ESI custodians is granted as to Morrish, and otherwise denied. In light of the addition of Morrish as an ESI custodian, the Court extends the May 31, 2024 substantial completion deadline to July 2, 2024, but only for Morrish's ESI.

///
///
///
///
///
///
///
///

---

[3] The slide deck is not included in the parties' submissions. *See* ECF 154-7, 154-12.

4

### III. Sealing

The Court will resolve the parties' related administrative motions to seal, ECF 154 and 156, by separate order. To the extent any information in this order is sealable, the parties shall meet and confer and submit joint proposed redactions, by way of an administrative motion to seal in compliance with Civil Local Rule 79-5, by no later than May 17, 2024. In the interim, this order will remain provisionally under seal. If no proposed redactions are received by 11:59 p.m. on May 17, 2024, the Court will unseal this order in its entirety.

**IT IS SO ORDERED.**

Dated: May 2, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**