# EXHIBIT C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AGUSTIN CACURRI et al., on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>SONY INTERACTIVE ENTERTAINMENT LLC,<br><br>*Defendant.* | Case No. 3:21-cv-03361-AMO |

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Settlement Agreement" and the agreement set forth herein the "Settlement") is made and entered into on November __, 2024, by and between Plaintiffs Agustin Caccurri, Adrian Cendejas, and Allen Neumark (collectively "Class Representative Plaintiffs"), the proposed Settlement Class ("Settlement Class" is defined in Paragraph 2 below; "Settlement Class" and "Class Representative Plaintiffs" are collectively "Plaintiffs"), and Defendant Sony Interactive Entertainment LLC ("SIE" or "Defendant").

WHEREAS, the parties acknowledge that the United States District Court for the Northern District of California (the "Court") has jurisdiction over the above-captioned action (the "Action"), each of the parties hereto, and all putative members of the Settlement Class for all manifestations of this case, including this Settlement;

WHEREAS, Class Representative Plaintiffs are prosecuting the Action on their own behalf and on behalf of the Settlement Class;

WHEREAS, Plaintiffs alleged that SIE violated federal antitrust and certain state laws by eliminating the sale of digital games at retail and monopolizing the Sony PlayStation digital game

market as detailed in the Plaintiffs' Consolidated Amended Class Action Complaint dated August 15, 2022 (ECF No. 61; the "Complaint");

WHEREAS, Plaintiffs allegedly incurred damages as a result;

WHEREAS, SIE denies each and every one of Plaintiffs' allegations of unlawful conduct, denies that any conduct challenged by Plaintiffs caused any damage whatsoever, and has asserted a number of defenses to Plaintiffs' claims;

WHEREAS, Plaintiffs and SIE agree that neither this Settlement Agreement (whether or not it becomes final), the final judgment, nor any negotiations, documents, or discussions associated with them shall be deemed or construed to be an admission, concession, or evidence of any violation of any statute or law, of any liability or wrongdoing by SIE, or of the truth of any of the claims or allegations alleged by Plaintiffs, or a waiver of any defenses thereto or be used or ordered in any proceeding for any purposes, except to enforce the terms of the Settlement Agreement;

WHEREAS, extensive arm's-length settlement negotiations have taken place between counsel for Plaintiffs and SIE with the continuous assistance of an experienced mediator, Christopher Hockett of Hockett ADR, who was initially appointed by the Court to conduct an Early Neutral Evaluation;

WHEREAS, this Settlement has been reached as a result of extensive arm's-length negotiations between the parties;

WHEREAS, this Settlement Agreement, which embodies all of the terms and conditions of the settlement between Class Representative Plaintiffs and SIE—both individually and on behalf of the Settlement Class—has been reached, subject to the final approval of the Court;

WHEREAS, Plaintiffs' counsel has concluded, after extensive fact discovery and investigation of the facts and analysis with the assistance of an economic expert and the benefit of econometric analysis ; review of the law regarding the Action; and carefully considering the circumstances of the Action, including the claims asserted, the possible legal and factual defenses thereto, and an assessment of the costs, risks, and delays of attempting to successfully prosecute the Action through trial and all subsequent appellate proceedings, including that appeals are highly likely to delay ultimate resolution of the Action, that this Settlement Agreement is a fair reasonable and adequate resolution that also avoids the uncertainties of litigation, particularly complex litigation such as this, and assures a certain timely benefit to the Plaintiffs, and, further, that

2

Docusign Envelope ID: 5ECCAF6F-901D-4AAA-80EA-D3AB4B91496F

Plaintiffs' counsel consider the Settlement set forth herein to be fair, reasonable, and adequate compensation within the meaning of Federal Rule of Civil Procedure 23;

WHEREAS, this Settlement, if it receives Final Approval, will resolve the Action in full;

WHEREAS, SIE, despite its belief that it is not liable for the claims asserted and that it has good defenses thereto, has nevertheless agreed to enter into this Settlement Agreement to avoid further expense, inconvenience, and the distraction of protracted litigation in the Action and to obtain the releases, orders, and judgments contemplated by this Settlement Agreement; and

NOW THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, and intending to be legally bound, it is agreed by and between the undersigned, on behalf of Plaintiffs and SIE, that all of Plaintiffs' claims against SIE be settled, compromised, and dismissed on the merits with prejudice and, except as hereinafter provided subject to the approval of the Court, on the following terms and conditions:

1. **Settlement Amount and Distribution**: The Parties have reached a settlement in the sum of Seven Million Eight Hundred Fifty Thousand (USD) ($7,850,000) ("Settlement Amount"). The Settlement Amount, in the form of cash-value PlayStation Network ("PSN") account credits to be electronically distributed to Settlement Class members' PSN accounts without the need for claim forms, is to be paid by SIE in consideration for the releases set forth below pursuant to Fed R. Civ. P. 23 and, consistent with the Court's Final Approval Order, no earlier than April 1, 2025. Attorneys' fees, costs, expenses, and service awards awarded by the Court shall be deducted from the Settlement Amount and paid to Interim Lead Counsel according to instructions to be provided. SIE shall coordinate with the Settlement Administrator and Interim Lead Counsel in distributing the Settlement monies to Settlement Class members.

2. **Settlement Class Definition.** The "Settlement Class" is defined as all persons in the United States who purchased through the PlayStation Network ("PSN") Store one or more video games for which a game specific code voucher ("GSV") was available at retail prior to April 1, 2019, for which a total of at least 200 GSV redemptions were made prior to April 1, 2019, and for which the post-discount price increased by at least one dollar from: (a) the period between January 1, 2017 and March 31, 2019; as compared to (b) the period between April 1, 2019 and December 31, 2023. The class period shall be April 1, 2019 to December 31, 2023. Provided that the only amendment is to make the pleaded putative class definition consistent with the Settlement Class, SIE will stipulate to Class Representative Plaintiffs filing an amendment to the Complaint,

3

to the extent that Class Representative Plaintiffs determine that such amendment is necessary. By so stipulating, SIE waives no defenses in the Action and will not seek to file a third motion to dismiss, if this action is resumed, on the basis of this limited amendment.

**3. Reasonable Best Efforts to Effectuate This Settlement.** Counsel for the undersigned agree to recommend approval of this Settlement by the Court and to undertake their best efforts, including all reasonable steps and efforts necessary to help effectuate the Settlement Agreement, including undertaking all actions contemplated by, and steps necessary to carry out, the terms of this Settlement Agreement and to secure the prompt, complete, and final dismissal with prejudice of all claims in the Action against Defendant.

**4. Approval.** Except as otherwise provided herein, on the execution date of this Settlement Agreement, Class Representative Plaintiffs, all members of the Settlement Class, and Defendant shall be bound by this Settlement, and this Settlement shall not be rescinded except in accordance with Paragraphs 18 and 19 of this Settlement Agreement.

**5. Motion for Preliminary Approval.** Following the execution of this Settlement Agreement by all parties hereto, Class Representative Plaintiffs shall draft a motion for preliminary approval and all necessary supporting documents, which shall be consistent with this Settlement Agreement. Defendant shall have a right to review Class Representative Plaintiffs' preliminary approval motion, memorandum of law in support, the proposed plan of allocation (the "Plan of Allocation"), the proposed notices for the Settlement Class, the proposed preliminary approval order, and any other papers accompanying Class Representative Plaintiffs' preliminary approval motion before they are filed. Defendant may suggest revisions, which Class Representative Plaintiffs agree to consider in good faith. Unless the parties agree otherwise, Class Representative Plaintiffs will file with the Court the motion for preliminary approval of the Settlement by November 27, 2024. The motion for preliminary approval shall request the entry of a proposed preliminary approval order that includes at least the following: (i) the preliminary approval of the Settlement set forth in this Settlement Agreement is warranted as fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23 and in the best interests of the Settlement Class; (ii) a finding that the issuance of notice to the Class in the form and manner presented in the preliminary approval application is warranted and complies with Federal Rule of Civil Procedure 23 and due process; (iii) a provisional approval of the proposed Plan of Allocation; (iv) a provision that states that, if final approval of the Settlement is not obtained, the Settlement shall

be null and void, and the parties will revert to their positions *ex ante* without prejudice to their claims or defenses in the Action; (v) a stay of all proceedings brought by Class Representative Plaintiffs in the Action against SIE until such time as the Court renders a final decision regarding the approval of the Settlement as described below in Paragraph 17; and (vi) setting deadlines for: (a) the filing of a motion for final approval of the Settlement, (b) implementation of the notice plan proposed by Class Representative Plaintiffs (the "Notice Plan"), (c) the filing of any objections from Settlement Class members, (d) the provision of appropriate notice for opting out of the Settlement Class to the extent the Court requires an additional opt out period for members of the Settlement Class, and (e) a fairness hearing for the Settlement. SIE will not oppose Plaintiffs' motion for preliminary approval.

6. **Motion for Fee and Expense Award and Class Representative Service Awards.** Separate and apart from the motion for final approval, Plaintiffs shall file a motion seeking an order awarding fees, costs, expenses and for service awards for the Class Representative Plaintiffs consistent with Paragraph 12 of this Settlement Agreement.

7. **Motion for Final Approval and Entry of Final Judgment.** If the Court enters an order preliminarily approving the Settlement Agreement, and after notice has been provided to the Settlement Class, Class Representative Plaintiffs shall draft a motion for final approval of the Settlement together with all necessary supporting documents. Defendant shall have a right to review Class Representative Plaintiffs' motion for final approval, Class Representative Plaintiffs' memorandum of law in support of final approval, the proposed form of order, and any other papers accompanying Plaintiffs' motion for final approval of the Settlement. Defendant may suggest revisions, which Plaintiffs agree to consider in good faith. SIE will not oppose Class Representative Plaintiffs' motion for final approval of the Settlement set forth in this Settlement Agreement. Class Representative Plaintiffs will file the motion for final approval of this Settlement Agreement pursuant to the schedule ordered by the Court and shall seek entry of a Final Order and Judgment with any additional findings of fact and conclusions of law (the "Final Order and Judgment"), including:

(a) Finding that the notice given to the Settlement Class as part of the Notice Plan constitutes due, adequate, and sufficient notice and meets the requirements of due process and the Federal Rules of Civil Procedure;

(b)      finding this Settlement Agreement and its terms to be a fair, reasonable, and adequate settlement as to Plaintiffs and the Settlement Class within the meaning of Federal Rule of Civil Procedure 23 and directing its consummation pursuant to its terms;

(c)      finding that all members of the Settlement Class who did not timely and validly opt out and all Plaintiffs shall be bound by the Settlement Agreement and all of its terms;

(d)      finding that the Releasors shall be bound by the releases set forth in paragraph 16 of this Settlement Agreement and shall be forever barred from asserting any of the Released Claims against any of the Releasees;

(e)      finding for the payment of the costs and expenses, fees, and service awards of this litigation;

(f)      in the event the Court does not award Plaintiffs attorneys' fees, costs, and expenses of this litigation and any appeal is unsuccessful, the net Settlement Amount will be distributed to the proposed Settlement Class through SIE pursuant to the Court-approved Plan of Allocation (for avoidance of doubt, except as described in Paragraphs 18 and 19, no portion of the Settlement Amount will revert to SIE in the event the Court does not award Interim Lead Counsel attorneys' fees, costs, expenses, or service awards);

(g)      directing that the Action be dismissed with prejudice as to SIE;

(h)      retaining exclusive jurisdiction over the Settlement, including the administration, enforcement, and consummation of this Settlement Agreement; and

(i)      directing that the judgment of dismissal of all Class claims against SIE shall be final pursuant to Fed. R. Civ. P. 54(b), there being no just reason for delay.

**8.**    **Finality of Settlement.** This Settlement Agreement shall become final ("Final") upon the occurrence of the following:

(a)      the Settlement is approved by the Court as required by Federal Rule of Civil Procedure 23(e);

(b)      entry, as provided for in Paragraph 7 herein, of the Final Order and Judgment; and

(c)      the expiration of the time for appeal from the Court's approval of this Settlement and entry of the Final Order and Judgment or, if appealed, either the dismissal of such appeal or affirmation of the approval of this Settlement and the Final Order and

Judgment in its entirety by the court of last resort to which such appeal has been taken without being subject to further appeal or review.

**9.** **Settlement Fund.** SIE shall distribute the Settlement Amount, minus attorneys' fees, costs, expenses, and service awards approved by the Court, to Settlement Class members within five (5) business days after the later of: (i) the Settlement becoming Final or (ii) April 1, 2025. Except as described in Paragraphs 18 and 19 herein, the Settlement Amount is non-reversionary, and no portion of the Settlement Amount will revert to SIE.

**10.** **Cooperation.** SIE agrees to work in good faith with Interim Lead Counsel and the Settlement Administrator to utilize its business records to effectively and efficiently distribute the Settlement Amount, minus attorneys' fees, costs, expenses, and incentive awards approved by the Court to Settlement Class members though their respective PSN accounts.

**11.** **Full Satisfaction; Limitation of Interest and Liability.** SIE's total financial commitment under this Agreement is the Settlement Amount of Seven Million Eight Hundred Fifty Thousand (USD) ($7,850,000), and in no event shall SIE be obligated to pay to the Settlement Class, Class Representatives Plaintiffs, or Interim Lead Counsel, individually or collectively, any amount other than this the Settlement Amount. Except as provided by order of the Court, no member of the Settlement Class shall have any interest in the Settlement Amount. Class Representative Plaintiffs, Interim Lead Counsel, and SIE shall have no liability with respect to disbursements from the Settlement Amount pursuant to any Court-approved plan of allocation.

**12.** **Reimbursement of Costs and Expenses.** Interim Lead Counsel will be reimbursed and indemnified solely out of the Settlement Amount for all attorneys' fees, costs, and expenses. Any such reimbursement shall occur only after the later of: (i) the finality of the Settlement or (ii) April 1, 2025. SIE shall not be liable for any costs, fees, or expenses of any of Plaintiffs' respective attorneys, experts, advisors, agents, and representatives, or for any costs, fees, or expenses; however, if the Settlement is terminated pursuant to Paragraphs 18 and 19 below, SIE shall pay the preliminary-approval-related administrative expenses, including expenses relating to any notice to the Settlement Class, incurred up to the date written notice of termination is provided pursuant to Paragraph 18. Any such payment shall not be made before April 1, 2025.

**13.** **CAFA Notice.** Upon filing of the motion requesting issuance of the Preliminary Approval Order, SIE will provide timely notice of such motion as required by the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.*

**14.** **Disbursement of the Settlement Amount.** Plaintiffs will apply to the Court to distribute the Settlement Amount, minus attorneys' fees, costs, expenses, and service awards approved by the Court, to Settlement Class member pursuant to the Plan of Allocation as ordered by the Court. Any such attorneys' fees, costs, expenses, and service awards, including costs and expenses of the notice to the Settlement Class and (in the event the Settlement Amount is distributed to the class) for administration of the Settlement Amount, shall be paid by SIE, but only after the Settlement becoming Final pursuant to the provisions of Paragraph 8 or after April 1, 2025, whichever is later. The remaining Settlement Amount (minus attorneys' fees, costs, expenses, and service awards approved by the Court) shall then be distributed to Settlement Class members in the form of PSN credits pursuant to the Plan of Allocation ordered by the Court. Notwithstanding the foregoing, prior to April 1, 2025 or the Settlement becoming Final pursuant to the provisions of Paragraph 8, Plaintiffs may request that SIE pay costs and expenses of the notice to the Settlement Class and (in the event the Settlement is preliminarily approved, up to $100,000.00). Any such payment, or any additional disbursements prior to the Settlement becoming Final shall require the approval of SIE and the Court. Subject to Paragraphs 18 and 19 below, no portion of the Settlement Amount shall revert to SIE unless this Settlement does not become Final.

**15.** **Attorneys' Fees, Costs, Expenses, and Service Awards to the Class Representative Plaintiffs.** Interim Lead Counsel intends to seek, solely from the Settlement Amount, the reimbursement of attorneys' fees, costs, and expenses incurred in the prosecution of the Action against SIE and a service award for each of the three (3) Class Representative Plaintiffs. Any attorneys' fees, costs, expenses, and/or service awards approved by the Court shall be payable solely out of the Settlement Amount, and Class Representative Plaintiffs, members of the Settlement Class, and their respective counsel shall not seek payment of any attorneys' fees, expenses, costs, or service awards from SIE other than from the Settlement Amount monies. The Releasees (as defined in Paragraph 16 hereof) shall not have any responsibility for, and no liability whatsoever with respect to, any payment or disbursement of attorneys' fees, costs, expenses, or service awards, any allocation of attorneys' fees, costs, expenses, or service awards among Plaintiffs' Counsel and/or Plaintiffs and/or the Settlement Class, or with respect to any allocation of costs, expenses, or service awards to any other person or entity who may assert any claim thereto. In no event shall any payments of any attorneys' fees, costs, and expenses incurred in the

prosecution of the Action against SIE, or any service awards for any of the Class Representative Plaintiffs be paid before the later of: (i) the Settlement becoming Final or (2) April 1, 2025.

**16.    Releases.**

a.      Upon this Settlement Agreement becoming final in accordance with Paragraph 6 hereof, Class Representative Plaintiffs and members of the Settlement Class, except those who have requested exclusion from the Settlement Class (and such request has been approved by the Court), on behalf of themselves and their past, present, or future officers, directors, insurers, general or limited partners, divisions, stockholders, employees, legal representatives, trustees, parents, associates, affiliates, joint ventures, subsidiaries, heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents in their capacities as such (collectively, the "Releasors"), shall unconditionally, fully, and finally release and forever discharge, jointly, and severally, individually and collectively, SIE and its respective past, present, and future, direct and indirect, parents, subsidiaries, divisions, affiliates, predecessors, successors, assigns, insurers, joint ventures, and stockholders, and their respective past, present, and future officers, directors, management companies, financial or investment advisors, co-investors, bankers, accountants, executors, trustees, administrators, supervisory boards, insurers, general or limited partners, employees, agents, trusts, trustees, associates, attorneys and any of their legal representatives, or any other representatives thereof (and the predecessors, heirs, executors, administrators, successors, and assigns of each of the foregoing) (the "Releasees") from any and all past, present, or future liabilities, claims, demands, obligations, suits, injuries, damages, levies, executions, judgments, debts, charges, actions, or causes of action of every nature and description, at law or in equity, whether arising under federal, state, common, or foreign law, whether class, individual, or otherwise in nature, and whether known or unknown, foreseen or unforeseen, suspected or unsuspected, contingent or non-contingent, arising out of or relating to any of the allegations, transactions, facts, matters, occurrences, representations, or omissions involved, set forth, or referred to in any complaint, pleading, or motion filed in this action at any time prior to October 10, 2024 that the Releasors, whether or not they object to the Settlement, has, ever had, or may have against the Releasees (the "Released Claims"). Actions not related to this action or to the subject matter of this release arising in the

9

ordinary course between: (a) any of SIE or the Releasees, on the one hand, and (b) Plaintiffs, Settlement Class members, or Releasors, on the other, arising under the laws of negligence, product liability, strict liability, implied warranty, breach of contract, fraud, breach of express warranty, consumer protection, or personal injury will not be released. SIE will release the Class Representative Plaintiffs and Plaintiffs' Counsel for all claims arising out of, bringing, or maintaining this action.

b. In addition to the effect of any final order and judgment entered in accordance with this Settlement Agreement, upon the date upon which this Settlement Agreement becomes Final, and in consideration of Defendant's payment of the Settlement Amount and for other valuable consideration, the Releasors shall be deemed to have and, by operation of the Final Judgment and Order shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against any and all of the Releasees. The parties intend that the releases in this Settlement Agreement shall be interpreted and enforced broadly and to the fullest extent permitted by law. Each Releasor shall be deemed to have released all Released Claims against the Releasees regardless of whether any such Releasor ever seeks or obtains by any means any distribution from the Settlement Amount, unless such Releasor opts out in writing pursuant to the Notice Plan approved by the Court. Plaintiffs and Defendant acknowledge, and Settlement Class members shall be deemed by operation of any Final Judgment and Order to have acknowledged, that the foregoing waivers and releases were separately bargained for and a key element of this Settlement Agreement, of which these releases are part.

c. All Releasors also covenant not to sue any Releasee with respect to any Released Claim and agree that all Releasors shall be permanently barred and enjoined from commencing, maintaining, or prosecuting any action, suit, proceeding, or claim in or before any court, tribunal, administrative agency, regulatory body, arbitrator, or other body in any jurisdiction against any Releasee based in whole or in part upon, arising out of, or in any way connected or related to any Released Claim. In addition, Plaintiffs, on behalf of themselves and all other Releasors, hereby expressly waive, release, and forever discharge, upon the Settlement becoming final, any and all provisions, rights, and benefits conferred on them by § 1542 of the California Civil Code, which reads:

10

> Section 1542. General Release; extent. A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party

Each Releasor hereby also expressly waives and releases, upon the effective date of this Settlement Agreement, any and all provisions, rights, or benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which purports to limit the scope and effectiveness of the release of any of the Released Claims provided pursuant to this Agreement. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are the subject matter of this paragraph, but each Releasor hereby expressly waives and fully, finally, and forever settles, releases, and discharges, upon this Settlement becoming final, any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Plaintiff and member of the Settlement Class also hereby expressly waives and fully, finally, and forever settles, releases, and discharges any and all claims it may have against any Releasee under § 17200, *et seq.*, of the California Business and Professions Code or any similar comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are expressly incorporated into the definition of Released Claims.

d. Each Releasor shall look solely to the Plan of Allocation for any form of monetary compensation or relief (including attorneys' fees and costs). Except as provided by order of the Court pursuant to this Settlement Agreement, neither Plaintiffs nor any Settlement Class member shall have any interest in the Settlement Amount or any portion thereof.

e. Notwithstanding any other provision of this Settlement Agreement, nothing in this Settlement Agreement will prevent Releasees from pleading this Settlement Agreement as a full and complete defense to any action, suit, or other proceeding that has been or may be instituted, prosecuted, or attempted with respect to any of the Released

Claims and may be filed, offered, and received into evidence and otherwise used for such defense.

        f.      Releasees expressly waive and release, upon the effective date of this Settlement Agreement, any and all claims conferred by any law or rule of any jurisdiction or principle of common law, against the Plaintiffs and their counsel, for bringing or maintaining this case.

    **17.**    **Stay of Proceedings.** Pending Court approval of the Settlement embodied in this Settlement Agreement, the parties agree to stay any and all proceedings brought by Plaintiffs against SIE in the Action other than those incident to the settlement process and agree to reasonable extensions of time with respect to any court filings necessary to effectuate such stays.

    **18.**    **Effect of Disapproval.** If the Court declines to finally approve this Settlement; if the Court does not enter the Final Order and Judgment in substantially the form provided for in Paragraph 7; or if the Court enters the Final Order and Judgment and appellate review is sought and, on such review, the Final Order and Judgment is set aside or is affirmed with material modification, then this Settlement Agreement and the Settlement shall be terminated upon the election of any of SIE or Interim Lead Counsel, in their/his sole discretion, by providing written notice to the parties designated to receive such notice hereunder in accordance with Paragraph 25 hereof within ten (10) business days following the occurrence of any such event. Plaintiffs and Defendant expressly reserve all of their respective claims, rights, and defenses in the Action if this Settlement Agreement does not become Final. An Order by the Court awarding attorneys' fees, costs, expenses, and/or service awards from the Settlement Amount in any amount lower than requested by Interim Lead Counsel shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or the Final Order and shall not give rise to any right of termination. A modification or reversal on appeal of any amount of Interim Lead Counsel's attorneys' fees, costs, or expenses awarded by the Court from the Settlement Amount, or the amount of service awards from the Settlement Amount to Plaintiffs, shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or the Final Order and Judgment and shall not give rise to any right of termination.

    **19.**    **Termination.** In the event that the Settlement is terminated pursuant to Paragraph 18 above, then: (a) this Settlement Agreement shall be of no force or effect; (b) any amount of the Settlement Amount attributable to this Settlement (but less the costs that may have been expended

for notice of the Settlement and settlement administration, all as approved by the Court, which, absent the approval of SIE, shall not exceed $100,000), shall be returned to SIE within thirty (30) calendar days; and (c) any release pursuant to Paragraph 16 above shall be of no force or effect and Defendant and Plaintiffs expressly reserve all their respective claims, rights, and defenses.

20.    **Attorneys' Fees Expenses and Costs.**  Interim Lead Counsel intend to seek, solely from the Settlement Amount, attorneys' fees (including any interest accrued thereon), up to 33 1/3% of the Settlement Amount plus reimbursement of reasonable costs and expenses incurred in the prosecution of the Action, and service awards to the named Class Representative Plaintiffs. Interim Lead Counsel may file a motion for approval of the attorneys' fees, reimbursement of expenses, and service awards after the Court has granted preliminary approval of the Settlement but sufficiently before the Court's final fairness hearing on the Settlement.  SIE agrees to take no position with respect to the allocation among the various counsel for the Class that have participated in this litigation.  In no event shall any attorneys' fees, reimbursement of costs or expenses, or service awards be paid before April 1, 2025. The procedures for and the allowance or disallowance by the Court of the application by Interim Lead Counsel for attorneys' fees and reimbursement of costs, expenses, and/or service awards to be paid out of the Settlement Amount are not part of this Settlement Agreement. Notwithstanding any right of termination in Paragraph 18, any order or proceeding relating solely to the application by Interim Lead Counsel for any award of attorneys' fees and reimbursement of costs, expenses, and service awards, or any appeal from any such order, shall not operate or provide a basis to terminate or cancel this Settlement Agreement.

21.    **Preservation of Rights.**  The parties hereto agree that this Settlement Agreement, whether or not it shall become Final, and any and all negotiations, documents, and discussions associated with it shall be without prejudice to the rights of any party; shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by SIE, or of the truth of any of the claims or allegations contained in the Complaint or any other pleading or document; and evidence thereof shall not be discoverable, admissible, or otherwise used, directly or indirectly, in any way (except in accordance with the terms of this Settlement and that the provisions of this Settlement Agreement can be used by the parties to enforce the provisions of the Settlement Agreement), whether in the Action or in any other action or proceeding.  The parties expressly reserve all rights if the Settlement does not become Final in accordance with the terms of this Settlement Agreement.  Upon the Settlement becoming Final,

nothing in this paragraph shall prevent SIE from asserting any release or using this Settlement Agreement to offset any liability to any other parties.

**22. Resumption of Litigation.** The parties agree, subject to approval of the Court, that in the event that the Settlement Agreement is not approved by the Court or the Settlement does not become Final pursuant to Paragraph 8 or SIE does not perform under Paragraph 9 herein, litigation of the Action against SIE will resume in a reasonable manner to be approved by the Court upon application by any party hereto. In the event of such resumption of litigation, the parties shall revert to their respective statuses as of the date and time immediately prior to the execution of this Settlement Agreement.

**23. Confidentiality.** The terms of this Settlement Agreement shall remain confidential until Plaintiffs move for preliminary approval of the Settlement, except that the Court and any other parties may be informed of the fact of settlement. However, this provision does not apply to statements made in judicial filings necessary to obtain preliminary Court approval of the Settlement, and SIE shall be entitled to make such disclosures of the Settlement Agreement as they, in their sole discretion, determine are appropriate under the law.

**24. Binding Effect.** This Settlement Agreement shall be binding upon, and inure to the benefit of, the parties hereto, the Releasees, the Releasors, and the successors and assigns of each of them. Without limiting the generality of the foregoing, each and every covenant and agreement herein by the Plaintiffs and their counsel shall be binding upon all members of the Settlement Class and the Releasors and their respective successors and assigns who have not or do not timely and validly opt out. With respect to any member of the Settlement Class who validly requests and is granted exclusion from the Settlement Class and is, therefore, not a member of the Settlement Class, SIE reserves all of its legal rights and defenses. To the extent they are not parties to this Settlement Agreement, the Releasees are intended by the parties to be third-party beneficiaries of this Settlement Agreement and are authorized to enforce its terms as applicable to them.

**25. Notice.** Any and all notices, requests, consents, directives, or communications by any party intended for any other party shall be in writing and shall, unless expressly provided otherwise herein, be given either: (a) personally; (b) registered or certified mail, return receipt requested, postage pre-paid; (c) by Federal Express or similar overnight courier; or (d) by

Docusign Envelope ID: 5ECCAF6F-901D-4AAA-80EA-D3AB4B91496F

electronic transmission (such as e-mail) to the following persons, and shall be addressed as follows:

*To Plaintiffs and the Settlement Class:*

Michael M. Buchman, Esq.
Motley Rice LLC
800 Third Avenue, Suite 2401
New York, New York 10022
(212) 577-0040
mbuchman@motleyrice.com

*To Sony Interactive Entertainment LLC:*

Meredith Dearborn
Paul, Weiss, Rifkind, Wharton & Garrison LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
(650) 208-2788
mdearborn@paulweiss.com

Andrew C. Finch, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3417
afinch@paulweiss.com

Any of the parties may, from time to time, change the address to which such notices, requests, consents, directives, or communications are to be delivered by giving the other parties prior written notice of the changed address, in the manner hereinabove provided, ten (10) calendar days before the change is effective.

**26. No Injunctive Relief.** This Settlement Agreement does not include any provision for injunctive relief.

**27.    Integrated Agreement.** This Settlement Agreement contains an entire, complete, and integrated statement of each and every term and provision agreed to by and among the parties pertaining to the Settlement and supersedes all prior and contemporaneous agreements; undertakings; communications; representations; understandings; negotiations; and discussions, either oral or written, between Plaintiffs and Defendant in connection herewith. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein. This Settlement Agreement shall not be modified or amended

Docusign Envelope ID: 5ECCAF6F-901D-4AAA-80EA-D3AB4B91496F

in any respect except by a writing executed by all the parties hereto, by their respective counsel, and approved by the Court.

28. **Headings.** The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

29. **No Party is the Drafter.** None of the parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

30. **Choice of Law.** All terms of this Settlement Agreement shall be governed by and interpreted according to the laws of the State of California without regard to its choice of law or conflict of laws principles.

31. **Consent to Jurisdiction.** Any and all suits, actions, proceedings, or disputes arising from or related to the Settlement Agreement or the applicability of the Settlement that cannot be resolved by negotiation and agreement by Plaintiffs and Defendant, including challenges to the reasonableness of any of the Settling Parties' actions, must be brought by the Parties, their counsel, and/or each member of the Settlement Class, exclusively in this Court. SIE and each member of the Settlement Class who did not timely and properly seek exclusion from the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for District of Northern California for any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement. Nothing in this paragraph shall prohibit: (a) the assertion in any forum in which a claim is brought that any release herein is a defense, in whole or in part, to such claim or, (b) in the event that such a defense is asserted in such forum, the determination of its merits in that forum.

32. **Representations and Warranties.** Each party hereto represents and warrants to each other party hereto that it has the requisite authority (or in the case of natural persons, the legal capacity) to enter into the terms and conditions of and to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated hereby, subject to Court approval.

33. **No Admission of Liability.** Nothing in this Settlement Agreement constitutes an admission by SIE as to the merits of the allegations made in the Action or an admission by

16

Docusign Envelope ID: 5ECCAF6F-901D-4AAA-80EA-D3AB4B91496F

Plaintiffs of the validity of any defenses that have been or could be asserted by SIE. The settlement shall not be offered by any of the Parties in any proceeding, or utilized in any manner, as a presumption, concession, or an admission of any fault, wrongdoing, or liability on the part of SIE.

**34.    Execution in Counterparts.** This Settlement Agreement may be executed in counterparts. Signatures transmitted by facsimile or other electronic means shall be considered as valid signatures as of the date hereof.

**35.    Miscellaneous.** The Complaint (or any amended Complaint, as contemplated by Paragraph 2 above), Settlement Agreement, Plan of Allocation, Motion for Preliminary Approval of Proposed Settlement, Order Preliminarily Approving Settlement and providing Notice of Settlement, Motions for Final Approval and Award of Attorneys' Fees, Expenses, and Service Awards, Final Order and Judgment, to the extent they are filed on the docket in this matter, shall be posted on the case website created by the Notice Administrator/Settlement Administrator in connection with this Settlement. The parties shall not change the language of any document reposted from the case docket to the case website. The parties and their counsel will mutually agree on the content of any other additional language appearing on the case website. With the exception of referencing the settlement in connection with legal filings, the parties and their counsel may not publicize, promote, or advertise the Settlement without obtaining the consent of the other party, which shall not be unreasonably withheld, provided, however, that SIE may, at its discretion, make a statement responding to media inquiries to the effect that it: (i) has reached a settlement of this action; (ii) denies the allegations in this Action; and (iii) provided the Court approves the settlement, SIE will contact Settlement Class members and credit their accounts. Any disputes or controversies regarding any such communications shall be referred to Christopher Hockett for resolution. Nothing in this provision shall be interpreted to limit or waive: (i) the attorney-client relationship, the attorney-client privilege, or the work product of the parties, Defendant's counsel, or Plaintiffs' counsel; (ii) representations that the parties or their attorneys may make to the Court to assist in its evaluation of the Settlement; (iii) the ability to distribute notice, publish the Settlement website, or carry out any other activity ordered by the Court to effectuation the provision of this Settlement; or (iv) counsel's reference to this case or Settlement in their marketing materials or submissions in other cases, where this case is included as an accomplishment and described in a similar manner to other cases identified in the same materials.

Docusign Envelope ID: 5ECCAF6F-901D-4AAA-80EA-D3AB4B91496F

IN WITNESS WHEREOF, the parties hereto through their fully authorized representatives have agreed to this Settlement Agreement as of November 14TH, 2024.

Amir Vonsover
VP, Global Litigation, Employment &
Compliance
Sony Interactive Entertainment LLC

2207 Bridgepointe Pkwy,
San Mateo, CA 94404
Amir.Vonsover@sony.com

Michael M. Buchman
Motley Rice LLC
800 Third Avenue, Suite 2401
New York, New York 10022
(212) 577-0040
mbuchman@motleyrice.com

Interim Lead Counsel for Plaintiffs and the Proposed
Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AGUSTIN CACCURI et al., on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>  v.<br><br>SONY INTERACTIVE ENTERTAINMENT LLC,<br><br>*Defendant*. | Case No. 3:21-cv-03361-AMO |

## <u>REVISED SETTLEMENT AGREEMENT</u>

THIS REVISED SETTLEMENT AGREEMENT (the "Settlement Agreement" and the agreement set forth herein the "Settlement") is made and entered into on December 4, 2024, by and between Plaintiffs Agustin Caccuri, Adrian Cendejas, and Allen Neumark (collectively "Named Plaintiffs"), the proposed Settlement Class ("Settlement Class" is defined in Paragraph 2 below; "Settlement Class" and "Named Plaintiffs" are collectively "Plaintiffs"), and Defendant Sony Interactive Entertainment LLC ("SIE" or "Defendant"). This Settlement Agreement amends and restates the Original Settlement Agreement (defined below).

WHEREAS, the parties entered into an original settlement agreement on November 14, 2024 (the "Original Settlement Agreement");

WHEREAS, the parties desire to revise the class definition set forth in the Original Settlement Agreement;

WHEREAS, the parties acknowledge that the United States District Court for the Northern District of California (the "Court") has jurisdiction over the above-captioned action (the "Action"), each of the parties hereto, and all putative members of the Settlement Class for all manifestations of this case, including this Settlement;

WHEREAS, Named Plaintiffs are prosecuting the Action on their own behalf and on behalf of the Settlement Class;

WHEREAS, Plaintiffs alleged that SIE violated federal antitrust and certain state laws by eliminating the sale of digital games at retail and monopolizing the Sony PlayStation digital game market as detailed in the Plaintiffs' Consolidated Amended Class Action Complaint dated August 15, 2022 (ECF No. 61; the "Complaint");

WHEREAS, Plaintiffs allegedly incurred damages as a result;

WHEREAS, SIE denies each and every one of Plaintiffs' allegations of unlawful conduct, denies that any conduct challenged by Plaintiffs caused any damage whatsoever, and has asserted a number of defenses to Plaintiffs' claims;

WHEREAS, Plaintiffs and SIE agree that neither this Settlement Agreement (whether or not it becomes final), the final judgment, nor any negotiations, documents, or discussions associated with them shall be deemed or construed to be an admission, concession, or evidence of any violation of any statute or law, of any liability or wrongdoing by SIE, or of the truth of any of the claims or allegations alleged by Plaintiffs, or a waiver of any defenses thereto or be used or ordered in any proceeding for any purposes, except to enforce the terms of the Settlement Agreement;

WHEREAS, extensive arm's-length settlement negotiations have taken place between counsel for Plaintiffs and SIE with the continuous assistance of an experienced mediator, Christopher Hockett of Hockett ADR, who was initially appointed by the Court to conduct an Early Neutral Evaluation;

WHEREAS, this Settlement has been reached as a result of extensive arm's-length negotiations between the parties;

WHEREAS, this Settlement Agreement, which embodies all of the terms and conditions of the settlement between Named Plaintiffs and SIE—both individually and on behalf of the Settlement Class—has been reached, subject to the final approval of the Court;

WHEREAS, Plaintiffs' counsel has concluded, after extensive fact discovery and investigation of the facts and analysis with the assistance of an economic expert and the benefit of economic analysis; review of the law regarding the Action; and carefully considering the circumstances of the Action, including the claims asserted, the possible legal and factual defenses thereto, and an assessment of the costs, risks, and delays of attempting to successfully prosecute

2

the Action through trial and all subsequent appellate proceedings, including that appeals are highly likely to delay ultimate resolution of the Action, that this Settlement Agreement is a fair reasonable and adequate resolution that also avoids the uncertainties of litigation, particularly complex litigation such as this, and assures a certain timely benefit to the Plaintiffs, and, further, that Plaintiffs' counsel consider the Settlement set forth herein to be fair, reasonable, and adequate compensation within the meaning of Federal Rule of Civil Procedure 23;

WHEREAS, this Settlement, if it receives Final Approval, will resolve the Action in full;

WHEREAS, SIE, despite its belief that it is not liable for the claims asserted and that it has good defenses thereto, has nevertheless agreed to enter into this Settlement Agreement to avoid further expense, inconvenience, and the distraction of protracted litigation in the Action and to obtain the releases, orders, and judgments contemplated by this Settlement Agreement; and

NOW THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, and intending to be legally bound, it is agreed by and between the undersigned, on behalf of Plaintiffs and SIE, that all of Plaintiffs' claims against SIE be settled, compromised, and dismissed on the merits with prejudice and, except as hereinafter provided subject to the approval of the Court, on the following terms and conditions:

1.      **Settlement Amount and Distribution**: The Parties have reached a settlement in the sum of Seven Million Eight Hundred Fifty Thousand (USD) ($7,850,000) ("Settlement Amount"). The Settlement Amount, in the form of cash-value PlayStation Store account credits to be electronically distributed to Settlement Class members' PlayStation Network ("PSN") accounts without the need for claim forms, is to be paid by SIE in consideration for the releases set forth below pursuant to Fed R. Civ. P. 23 and, consistent with the Court's Final Approval Order, no earlier than April 1, 2025.  Attorneys' fees, costs, expenses, and service awards awarded by the Court shall be deducted from the Settlement Amount and paid to Interim Lead  Counsel according to instructions to be provided. SIE shall coordinate with the Settlement Administrator and Interim Lead Counsel in distributing the Settlement monies to Settlement Class members.

2.      **Settlement Class Definition.**  The "Settlement Class" is defined as all persons in the United States who purchased through the PlayStation Store one or more video games for which a game specific voucher ("GSV") was available at retail prior to April 1, 2019, for which a total of at least 200 GSV redemptions were made prior to April 1, 2019, and for which the post-discount price increased by at least fifty cents from: (a) the period between January 1, 2017 and March 31,

3

2019; as compared to (b) the period between April 1, 2019 and December 31, 2023. The class period shall be April 1, 2019 to December 31, 2023. Excluded from the Settlement Class are: (1) Defendant and its counsel, officers, directors, management, employees, parents, subsidiaries and affiliates; and (2) the Court and its employees. Provided that the only amendment is to make the pleaded putative class definition consistent with the Settlement Class, SIE will stipulate to Named Plaintiffs filing an amendment to the Complaint, to the extent that Named Plaintiffs determine that such amendment is necessary. By so stipulating, SIE waives no defenses in the Action and will not seek to file a third motion to dismiss, if this action is resumed, on the basis of this limited amendment.

3.    **Reasonable Best Efforts to Effectuate This Settlement.** Counsel for the undersigned agree to recommend approval of this Settlement by the Court and to undertake their best efforts, including all reasonable steps and efforts necessary to help effectuate the Settlement Agreement, including undertaking all actions contemplated by, and steps necessary to carry out, the terms of this Settlement Agreement and to secure the prompt, complete, and final dismissal with prejudice of all claims in the Action against Defendant.

4.    **Approval.** Except as otherwise provided herein, on the execution date of this Settlement Agreement, Named Plaintiffs, all members of the Settlement Class, and Defendant shall be bound by this Settlement, and this Settlement shall not be rescinded except in accordance with Paragraphs 18 and 19 of this Settlement Agreement.

5.    **Motion for Preliminary Approval.** Following the execution of this Settlement Agreement by all parties hereto, Named Plaintiffs shall draft a motion for preliminary approval and all necessary supporting documents, which shall be consistent with this Settlement Agreement. Defendant shall have a right to review Named Plaintiffs' preliminary approval motion, memorandum of law in support, the proposed plan of allocation (the "Plan of Allocation"), the proposed notices for the Settlement Class, the proposed preliminary approval order, and any other papers accompanying Named Plaintiffs' preliminary approval motion before they are filed. Defendant may suggest revisions, which Named Plaintiffs agree to consider in good faith. Unless the parties agree otherwise, Named Plaintiffs will file with the Court the motion for preliminary approval of the Settlement by December 13, 2024. The motion for preliminary approval shall request the entry of a proposed preliminary approval order that includes at least the following: (i) the preliminary approval of the Settlement set forth in this Settlement Agreement is warranted

as fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23 and in the best interests of the Settlement Class; (ii) a finding that the issuance of notice to the Class in the form and manner presented in the preliminary approval application is warranted and complies with Federal Rule of Civil Procedure 23 and due process; (iii) a provisional approval of the proposed Plan of Allocation; (iv) a provision that states that, if final approval of the Settlement is not obtained, the Settlement shall be null and void, and the parties will revert to their positions *ex ante* without prejudice to their claims or defenses in the Action; (v) a stay of all proceedings brought by Named Plaintiffs in the Action against SIE until such time as the Court renders a final decision regarding the approval of the Settlement as described below in Paragraph 17; and (vi) setting deadlines for: (a) the filing of a motion for final approval of the Settlement, (b) implementation of the notice plan proposed by Named Plaintiffs (the "Notice Plan"), (c) the filing of any objections from Settlement Class members, (d) the provision of appropriate notice for opting out of the Settlement Class to the extent the Court requires an additional opt out period for members of the Settlement Class, and (e) a fairness hearing for the Settlement. SIE will not oppose Plaintiffs' motion for preliminary approval.

6. **Motion for Fee and Expense Award and Class Representative Service Awards.** Separate and apart from the motion for final approval, Plaintiffs shall file a motion seeking an order awarding fees, costs, expenses and for service awards for the Named Plaintiffs consistent with Paragraph 12 of this Settlement Agreement.

7. **Motion for Final Approval and Entry of Final Judgment.** If the Court enters an order preliminarily approving the Settlement Agreement, and after notice has been provided to the Settlement Class, Named Plaintiffs shall draft a motion for final approval of the Settlement together with all necessary supporting documents. Defendant shall have a right to review Named Plaintiffs' motion for final approval, Named Plaintiffs' memorandum of law in support of final approval, the proposed form of order, and any other papers accompanying Plaintiffs' motion for final approval of the Settlement. Defendant may suggest revisions, which Plaintiffs agree to consider in good faith. SIE will not oppose Named Plaintiffs' motion for final approval of the Settlement set forth in this Settlement Agreement. Named Plaintiffs will file the motion for final approval of this Settlement Agreement pursuant to the schedule ordered by the Court and shall seek entry of a Final Order and Judgment with any additional findings of fact and conclusions of law (the "Final Order and Judgment"), including:

(a) Finding that the notice given to the Settlement Class as part of the Notice Plan constitutes due, adequate, and sufficient notice and meets the requirements of due process and the Federal Rules of Civil Procedure;

(b) finding this Settlement Agreement and its terms to be a fair, reasonable, and adequate settlement as to Plaintiffs and the Settlement Class within the meaning of Federal Rule of Civil Procedure 23 and directing its consummation pursuant to its terms;

(c) finding that all members of the Settlement Class who did not timely and validly opt out and all Plaintiffs shall be bound by the Settlement Agreement and all of its terms;

(d) finding that the Releasors shall be bound by the releases set forth in paragraph 16 of this Settlement Agreement and shall be forever barred from asserting any of the Released Claims against any of the Releasees;

(e) finding for the payment of the costs and expenses, fees, and service awards of this litigation;

(f) in the event the Court does not award Plaintiffs attorneys' fees, costs, and expenses of this litigation and any appeal is unsuccessful, the net Settlement Amount will be distributed to the proposed Settlement Class through SIE pursuant to the Court-approved Plan of Allocation (for avoidance of doubt, except as described in Paragraphs 18 and 19, no portion of the Settlement Amount will revert to SIE in the event the Court does not award Interim Lead Counsel attorneys' fees, costs, expenses, or service awards);

(g) directing that the Action be dismissed with prejudice as to SIE;

(h) retaining exclusive jurisdiction over the Settlement, including the administration, enforcement, and consummation of this Settlement Agreement; and

(i) directing that the judgment of dismissal of all Class claims against SIE shall be final pursuant to Fed. R. Civ. P. 54(b), there being no just reason for delay.

**8.     Finality of Settlement.**  This Settlement Agreement shall become final ("Final") upon the occurrence of the following:

(a) the Settlement is approved by the Court as required by Federal Rule of Civil Procedure 23(e);

(b) entry, as provided for in Paragraph 7 herein, of the Final Order and Judgment; and

(c)     the expiration of the time for appeal from the Court's approval of this Settlement and entry of the Final Order and Judgment or, if appealed, either the dismissal of such appeal or affirmation of the approval of this Settlement and the Final Order and Judgment in its entirety by the court of last resort to which such appeal has been taken without being subject to further appeal or review.

**9.      Settlement Fund.**  SIE shall distribute the Settlement Amount, minus attorneys' fees, costs, expenses, and service awards approved by the Court, to Settlement Class members within five (5) business days after the later of: (i) the Settlement becoming Final or (ii) April 1, 2025.  Except as described in Paragraphs 18 and 19 herein, the Settlement Amount is non-reversionary, and no portion of the Settlement Amount will revert to SIE.

**10.     Cooperation**.  SIE agrees to work in good faith with Interim Lead Counsel and the Settlement Administrator to utilize its business records to effectively and efficiently distribute the Settlement Amount, minus attorneys' fees, costs, expenses, and incentive awards approved by the Court to Settlement Class members though their respective PSN accounts.

**11.     Full Satisfaction; Limitation of Interest and Liability.**  SIE's total financial commitment under this Agreement is the Settlement Amount of Seven Million Eight Hundred Fifty Thousand (USD) ($7,850,000), and in no event shall SIE be obligated to pay to the Settlement Class, Class Representatives Plaintiffs, or Interim Lead  Counsel, individually or collectively, any amount other than this the Settlement Amount.  Except as provided by order of the Court, no member of the Settlement Class shall have any interest in the Settlement Amount.  Named Plaintiffs, Interim Lead Counsel, and SIE shall have no liability with respect to disbursements from the Settlement Amount pursuant to any Court-approved plan of allocation.

**12.     Reimbursement of Costs and Expenses.**  Interim Lead Counsel will be reimbursed and indemnified solely out of the Settlement Amount for all attorneys' fees, costs, and expenses.  Any such reimbursement shall occur only after the later of: (i) the finality of the Settlement or (ii) April 1, 2025.  SIE shall not be liable for any costs, fees, or expenses of any of Plaintiffs' respective attorneys, experts, advisors, agents, and representatives, or for any costs, fees, or expenses; however, if the Settlement is terminated pursuant to Paragraphs 18 and 19 below, SIE shall pay the preliminary-approval-related administrative expenses, including expenses relating to any notice to the Settlement Class, incurred up to the date written notice of termination is provided pursuant to Paragraph 18.  Any such payment shall not be made before April 1, 2025.

13. **CAFA Notice.** Upon filing of the motion requesting issuance of the Preliminary Approval Order, SIE will provide timely notice of such motion as required by the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.*

14. **Disbursement of the Settlement Amount.** Plaintiffs will apply to the Court to distribute the Settlement Amount, minus attorneys' fees, costs, expenses, and service awards approved by the Court, to Settlement Class member pursuant to the Plan of Allocation as ordered by the Court. Any such attorneys' fees, costs, expenses, and service awards, including costs and expenses of the notice to the Settlement Class and (in the event the Settlement Amount is distributed to the class) for administration of the Settlement Amount, shall be paid by SIE, but only after the Settlement becoming Final pursuant to the provisions of Paragraph 8 or after April 1, 2025, whichever is later. The remaining Settlement Amount (minus attorneys' fees, costs, expenses, and service awards approved by the Court) shall then be distributed to Settlement Class members in the form of PlayStation Store credits pursuant to the Plan of Allocation ordered by the Court. Notwithstanding the foregoing, prior to April 1, 2025 or the Settlement becoming Final pursuant to the provisions of Paragraph 8, Plaintiffs may request that SIE pay costs and expenses of the notice to the Settlement Class and (in the event the Settlement is preliminarily approved, up to $100,000.00). Any such payment, or any additional disbursements prior to the Settlement becoming Final shall require the approval of SIE and the Court. Subject to Paragraphs 18 and 19 below, no portion of the Settlement Amount shall revert to SIE unless this Settlement does not become Final.

15. **Attorneys' Fees, Costs, Expenses, and Service Awards to the Named Plaintiffs.** Interim Lead Counsel intends to seek, solely from the Settlement Amount, the reimbursement of attorneys' fees, costs, and expenses incurred in the prosecution of the Action against SIE and a service award for each of the three (3) Named Plaintiffs. Any attorneys' fees, costs, expenses, and/or service awards approved by the Court shall be payable solely out of the Settlement Amount, and Named Plaintiffs, members of the Settlement Class, and their respective counsel shall not seek payment of any attorneys' fees, expenses, costs, or service awards from SIE other than from the Settlement Amount monies. The Releasees (as defined in Paragraph 16 hereof) shall not have any responsibility for, and no liability whatsoever with respect to, any payment or disbursement of attorneys' fees, costs, expenses, or service awards, any allocation of attorneys' fees, costs, expenses, or service awards among Plaintiffs' Counsel and/or Plaintiffs and/or the Settlement

Class, or with respect to any allocation of costs, expenses, or service awards to any other person or entity who may assert any claim thereto. In no event shall any payments of any attorneys' fees, costs, and expenses incurred in the prosecution of the Action against SIE, or any service awards for any of the Named Plaintiffs be paid before the later of: (i) the Settlement becoming Final or (2) April 1, 2025.

**16. Releases.**

a. Upon this Settlement Agreement becoming final in accordance with Paragraph 6 hereof, Named Plaintiffs and members of the Settlement Class, except those who have requested exclusion from the Settlement Class (and such request has been approved by the Court), on behalf of themselves and their past, present, or future officers, directors, insurers, general or limited partners, divisions, stockholders, employees, legal representatives, trustees, parents, associates, affiliates, joint ventures, subsidiaries, heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents in their capacities as such (collectively, the "Releasors"), shall unconditionally, fully, and finally release and forever discharge, jointly, and severally, individually and collectively, SIE and its respective past, present, and future, direct and indirect, parents, subsidiaries, divisions, affiliates, predecessors, successors, assigns, insurers, joint ventures, and stockholders, and their respective past, present, and future officers, directors, management companies, financial or investment advisors, co-investors, bankers, accountants, executors, trustees, administrators, supervisory boards, insurers, general or limited partners, employees, agents, trusts, trustees, associates, attorneys and any of their legal representatives, or any other representatives thereof (and the predecessors, heirs, executors, administrators, successors, and assigns of each of the foregoing) (the "Releasees") from any and all past, present, or future liabilities, claims, demands, obligations, suits, injuries, damages, levies, executions, judgments, debts, charges, actions, or causes of action of every nature and description, at law or in equity, whether arising under federal, state, common, or foreign law, whether class, individual, or otherwise in nature, and whether known or unknown, foreseen or unforeseen, suspected or unsuspected, contingent or non-contingent, arising out of or relating to any of the allegations, transactions, facts, matters, occurrences, representations, or omissions involved, set forth, or referred to in any complaint, pleading, or motion filed in this action at any time prior to

October 10, 2024 that the Releasors, whether or not they object to the Settlement, has, ever had, or may have against the Releasees (the "Released Claims"). Actions not related to this action or to the subject matter of this release arising in the ordinary course between: (a) any of SIE or the Releasees, on the one hand, and (b) Plaintiffs, Settlement Class members, or Releasors, on the other, arising under the laws of negligence, product liability, strict liability, implied warranty, breach of contract, fraud, breach of express warranty, consumer protection, or personal injury will not be released. SIE will release the Named Plaintiffs and Plaintiffs' Counsel for all claims arising out of, bringing, or maintaining this action.

b. In addition to the effect of any final order and judgment entered in accordance with this Settlement Agreement, upon the date upon which this Settlement Agreement becomes Final, and in consideration of Defendant's payment of the Settlement Amount and for other valuable consideration, the Releasors shall be deemed to have and, by operation of the Final Judgment and Order shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against any and all of the Releasees. The parties intend that the releases in this Settlement Agreement shall be interpreted and enforced broadly and to the fullest extent permitted by law. Each Releasor shall be deemed to have released all Released Claims against the Releasees regardless of whether any such Releasor ever seeks or obtains by any means any distribution from the Settlement Amount, unless such Releasor opts out in writing pursuant to the Notice Plan approved by the Court. Plaintiffs and Defendant acknowledge, and Settlement Class members shall be deemed by operation of any Final Judgment and Order to have acknowledged, that the foregoing waivers and releases were separately bargained for and a key element of this Settlement Agreement, of which these releases are part.

c. All Releasors also covenant not to sue any Releasee with respect to any Released Claim and agree that all Releasors shall be permanently barred and enjoined from commencing, maintaining, or prosecuting any action, suit, proceeding, or claim in or before any court, tribunal, administrative agency, regulatory body, arbitrator, or other body in any jurisdiction against any Releasee based in whole or in part upon, arising out of, or in any way connected or related to any Released Claim. In addition, Plaintiffs, on behalf of themselves and all other Releasors, hereby expressly waive, release, and forever discharge,

10

upon the Settlement becoming final, any and all provisions, rights, and benefits conferred on them by § 1542 of the California Civil Code, which reads:

> Section 1542. General Release; extent. A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party

Each Releasor hereby also expressly waives and releases, upon the effective date of this Settlement Agreement, any and all provisions, rights, or benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which purports to limit the scope and effectiveness of the release of any of the Released Claims provided pursuant to this Agreement. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are the subject matter of this paragraph, but each Releasor hereby expressly waives and fully, finally, and forever settles, releases, and discharges, upon this Settlement becoming final, any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Plaintiff and member of the Settlement Class also hereby expressly waives and fully, finally, and forever settles, releases, and discharges any and all claims it may have against any Releasee under § 17200, *et seq*., of the California Business and Professions Code or any similar comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are expressly incorporated into the definition of Released Claims.

d.      Each Releasor shall look solely to the Plan of Allocation for any form of monetary compensation or relief (including attorneys' fees and costs). Except as provided by order of the Court pursuant to this Settlement Agreement, neither Plaintiffs nor any Settlement Class member shall have any interest in the Settlement Amount or any portion thereof.

e.      Notwithstanding any other provision of this Settlement Agreement, nothing in this Settlement Agreement will prevent Releasees from pleading this Settlement Agreement as a full and complete defense to any action, suit, or other proceeding that has

been or may be instituted, prosecuted, or attempted with respect to any of the Released Claims and may be filed, offered, and received into evidence and otherwise used for such defense.

f.      Releasees expressly waive and release, upon the effective date of this Settlement Agreement, any and all claims conferred by any law or rule of any jurisdiction or principle of common law, against the Plaintiffs and their counsel, for bringing or maintaining this case.

**17.    Stay of Proceedings.** Pending Court approval of the Settlement embodied in this Settlement Agreement, the parties agree to stay any and all proceedings brought by Plaintiffs against SIE in the Action other than those incident to the settlement process and agree to reasonable extensions of time with respect to any court filings necessary to effectuate such stays.

**18.    Effect of Disapproval.** If the Court declines to finally approve this Settlement; if the Court does not enter the Final Order and Judgment in substantially the form provided for in Paragraph 7; or if the Court enters the Final Order and Judgment and appellate review is sought and, on such review, the Final Order and Judgment is set aside or is affirmed with material modification, then this Settlement Agreement and the Settlement shall be terminated upon the election of any of SIE or  Interim Lead Counsel, in their/his sole discretion, by providing written notice to the parties designated to receive such notice hereunder in accordance with Paragraph 25 hereof within ten (10) business days following the occurrence of any such event.  Plaintiffs and Defendant expressly reserve all of their respective claims, rights, and defenses in the Action if this Settlement Agreement does not become Final.  An Order by the Court awarding attorneys' fees, costs, expenses, and/or service awards from the Settlement Amount in any amount lower than requested by Interim Lead Counsel shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or the Final Order and shall not give rise to any right of termination. A modification or reversal on appeal of any amount of Interim Lead Counsel's attorneys' fees, costs, or expenses awarded by the Court from the Settlement Amount, or the amount of service awards from the Settlement Amount to Plaintiffs, shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or the Final Order and Judgment and shall not give rise to any right of termination.

**19.    Termination.** In the event that the Settlement is terminated pursuant to Paragraph 18 above, then: (a) this Settlement Agreement shall be of no force or effect; (b) any amount of the

Settlement Amount attributable to this Settlement (but less the costs that may have been expended for notice of the Settlement and settlement administration, all as approved by the Court, which, absent the approval of SIE, shall not exceed $100,000), shall be returned to SIE within thirty (30) calendar days; and (c) any release pursuant to Paragraph 16 above shall be of no force or effect and Defendant and Plaintiffs expressly reserve all their respective claims, rights, and defenses.

20.     **Attorneys' Fees Expenses and Costs.** Interim Lead Counsel intend to seek, solely from the Settlement Amount, attorneys' fees (including any interest accrued thereon), up to 33 1/3% of the Settlement Amount plus reimbursement of reasonable costs and expenses incurred in the prosecution of the Action, and service awards to the named Named Plaintiffs. Interim Lead Counsel may file a motion for approval of the attorneys' fees, reimbursement of expenses, and service awards after the Court has granted preliminary approval of the Settlement but sufficiently before the Court's final fairness hearing on the Settlement. SIE agrees to take no position with respect to the allocation among the various counsel for the Class that have participated in this litigation. In no event shall any attorneys' fees, reimbursement of costs or expenses, or service awards be paid before April 1, 2025. The procedures for and the allowance or disallowance by the Court of the application by Interim Lead Counsel for attorneys' fees and reimbursement of costs, expenses, and/or service awards to be paid out of the Settlement Amount are not part of this Settlement Agreement. Notwithstanding any right of termination in Paragraph 18, any order or proceeding relating solely to the application by Interim Lead Counsel for any award of attorneys' fees and reimbursement of costs, expenses, and service awards, or any appeal from any such order, shall not operate or provide a basis to terminate or cancel this Settlement Agreement.

21.     **Preservation of Rights.** The parties hereto agree that this Settlement Agreement, whether or not it shall become Final, and any and all negotiations, documents, and discussions associated with it shall be without prejudice to the rights of any party; shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by SIE, or of the truth of any of the claims or allegations contained in the Complaint or any other pleading or document; and evidence thereof shall not be discoverable, admissible, or otherwise used, directly or indirectly, in any way (except in accordance with the terms of this Settlement and that the provisions of this Settlement Agreement can be used by the parties to enforce the provisions of the Settlement Agreement), whether in the Action or in any other action or proceeding. The parties expressly reserve all rights if the Settlement does not become Final in

accordance with the terms of this Settlement Agreement. Upon the Settlement becoming Final, nothing in this paragraph shall prevent SIE from asserting any release or using this Settlement Agreement to offset any liability to any other parties.

22. **Resumption of Litigation.** The parties agree, subject to approval of the Court, that in the event that the Settlement Agreement is not approved by the Court or the Settlement does not become Final pursuant to Paragraph 8 or SIE does not perform under Paragraph 9 herein, litigation of the Action against SIE will resume in a reasonable manner to be approved by the Court upon application by any party hereto. In the event of such resumption of litigation, the parties shall revert to their respective statuses as of the date and time immediately prior to the execution of this Settlement Agreement.

23. **Confidentiality.** The terms of this Settlement Agreement shall remain confidential until Plaintiffs move for preliminary approval of the Settlement, except that the Court and any other parties may be informed of the fact of settlement. However, this provision does not apply to statements made in judicial filings necessary to obtain preliminary Court approval of the Settlement, and SIE shall be entitled to make such disclosures of the Settlement Agreement as they, in their sole discretion, determine are appropriate under the law.

24. **Binding Effect.** This Settlement Agreement shall be binding upon, and inure to the benefit of, the parties hereto, the Releasees, the Releasors, and the successors and assigns of each of them. Without limiting the generality of the foregoing, each and every covenant and agreement herein by the Plaintiffs and their counsel shall be binding upon all members of the Settlement Class and the Releasors and their respective successors and assigns who have not or do not timely and validly opt out. With respect to any member of the Settlement Class who validly requests and is granted exclusion from the Settlement Class and is, therefore, not a member of the Settlement Class, SIE reserves all of its legal rights and defenses. To the extent they are not parties to this Settlement Agreement, the Releasees are intended by the parties to be third-party beneficiaries of this Settlement Agreement and are authorized to enforce its terms as applicable to them.

25. **Notice.** Any and all notices, requests, consents, directives, or communications by any party intended for any other party shall be in writing and shall, unless expressly provided otherwise herein, be given either: (a) personally; (b) registered or certified mail, return receipt requested, postage pre-paid; (c) by Federal Express or similar overnight courier; or (d) by

electronic transmission (such as e-mail) to the following persons, and shall be addressed as follows:

*To Plaintiffs and the Settlement Class:*

Michael M. Buchman, Esq.
Motley Rice LLC
800 Third Avenue, Suite 2401
New York, New York 10022
(212) 577-0040
mbuchman@motleyrice.com

*To Sony Interactive Entertainment LLC*:

Meredith Dearborn, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
(650) 208-2788
mdearborn@paulweiss.com

Andrew C. Finch, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3417
afinch@paulweiss.com

Any of the parties may, from time to time, change the address to which such notices, requests, consents, directives, or communications are to be delivered by giving the other parties prior written notice of the changed address, in the manner hereinabove provided, ten (10) calendar days before the change is effective.

26.     **No Injunctive Relief.**  This Settlement Agreement does not include any provision for injunctive relief.

27.     **Integrated Agreement.**  This Settlement Agreement contains an entire, complete, and integrated statement of each and every term and provision agreed to by and among the parties pertaining to the Settlement and supersedes all prior and contemporaneous agreements; undertakings; communications; representations; understandings; negotiations; and discussions, either oral or written, between Plaintiffs and Defendant in connection herewith.  No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.  This Settlement Agreement shall not be modified or amended

15

in any respect except by a writing executed by all the parties hereto, by their respective counsel, and approved by the Court.

28. **Headings.** The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

29. **No Party is the Drafter.** None of the parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

30. **Choice of Law.** All terms of this Settlement Agreement shall be governed by and interpreted according to the laws of the State of California without regard to its choice of law or conflict of laws principles.

31. **Consent to Jurisdiction.** Any and all suits, actions, proceedings, or disputes arising from or related to the Settlement Agreement or the applicability of the Settlement that cannot be resolved by negotiation and agreement by Plaintiffs and Defendant, including challenges to the reasonableness of any of the Settling Parties' actions, must be brought by the Parties, their counsel, and/or each member of the Settlement Class, exclusively in this Court. SIE and each member of the Settlement Class who did not timely and properly seek exclusion from the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for District of Northern California for any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement. Nothing in this paragraph shall prohibit: (a) the assertion in any forum in which a claim is brought that any release herein is a defense, in whole or in part, to such claim or, (b) in the event that such a defense is asserted in such forum, the determination of its merits in that forum.

32. **Representations and Warranties.** Each party hereto represents and warrants to each other party hereto that it has the requisite authority (or in the case of natural persons, the legal capacity) to enter into the terms and conditions of and to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated hereby, subject to Court approval.

33. **No Admission of Liability.** Nothing in this Settlement Agreement constitutes an admission by SIE as to the merits of the allegations made in the Action or an admission by

16

Plaintiffs of the validity of any defenses that have been or could be asserted by SIE. The settlement shall not be offered by any of the Parties in any proceeding, or utilized in any manner, as a presumption, concession, or an admission of any fault, wrongdoing, or liability on the part of SIE.

34. **Execution in Counterparts.** This Settlement Agreement may be executed in counterparts. Signatures transmitted by facsimile or other electronic means shall be considered as valid signatures as of the date hereof.

35. **Miscellaneous.** The Complaint (or any amended Complaint, as contemplated by Paragraph 2 above), Settlement Agreement, Plan of Allocation, Motion for Preliminary Approval of Proposed Settlement, Order Preliminarily Approving Settlement and providing Notice of Settlement, Motions for Final Approval and Award of Attorneys' Fees, Expenses, and Service Awards, Final Order and Judgment, to the extent they are filed on the docket in this matter, shall be posted on the case website created by the Notice Administrator/Settlement Administrator in connection with this Settlement. The parties shall not change the language of any document reposted from the case docket to the case website. The parties and their counsel will mutually agree on the content of any other additional language appearing on the case website. With the exception of referencing the settlement in connection with legal filings, the parties and their counsel may not publicize, promote, or advertise the Settlement without obtaining the consent of the other party, which shall not be unreasonably withheld, provided, however, that SIE may, at its discretion, make a statement responding to media inquiries to the effect that it: (i) has reached a settlement of this action; (ii) denies the allegations in this Action; and (iii) provided the Court approves the settlement, SIE will contact Settlement Class members and credit their accounts. Any disputes or controversies regarding any such communications shall be referred to Christopher Hockett for resolution. Nothing in this provision shall be interpreted to limit or waive: (i) the attorney-client relationship, the attorney-client privilege, or the work product of the parties, Defendant's counsel, or Plaintiffs' counsel; (ii) representations that the parties or their attorneys may make to the Court to assist in its evaluation of the Settlement; (iii) the ability to distribute notice, publish the Settlement website, or carry out any other activity ordered by the Court to effectuation the provision of this Settlement; or (iv) counsel's reference to this case or Settlement in their marketing materials or submissions in other cases, where this case is included as an accomplishment and described in a similar manner to other cases identified in the same materials.

Docusign Envelope ID: 24BC3B41-421C-4F93-A3C0-0D20376807EC

**36. Amendment and Restatement Date.** Upon execution of this Settlement Agreement, the Original Settlement Agreement is hereby amended and restated as set out in this Settlement Agreement so that the rights and obligations of the parties shall, on and from the date of execution of this Settlement Agreement, be governed by and construed in accordance with the provisions of the Settlement Agreement. However, nothing in this Paragraph 36 shall release any party from any liability for any breach of the Original Settlement Agreement occurring before the execution of this Settlement Agreement. For the avoidance of doubt, the Original Settlement Agreement is not terminated pursuant to its Paragraph 19, but rather amended and restated in accordance with its Paragraph 27.

Docusign Envelope ID: 24BC3B41-421C-4F93-A3C0-0D20376807EC

IN WITNESS WHEREOF, the parties hereto through their fully authorized representatives have agreed to this Settlement Agreement as of December 4, 2024.

Amir Vonsover
VP, Global Litigation, Employment &
Compliance
Sony Interactive Entertainment LLC

2207 Bridgepointe Pkwy,
San Mateo, CA 94404
Amir.Vonsover@sony.com

Michael M. Buchman
Motley Rice LLC
800 Third Avenue, Suite 2401
New York, New York 10022
(212) 577-0040
mbuchman@motleyrice.com


Interim Lead Counsel for Plaintiffs and the Proposed
Class