# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AGUSTIN CACCURI et al., on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>SONY INTERACTIVE ENTERTAINMENT LLC,<br><br>*Defendant*. | Case No. 3:21-cv-03361-AMO |

**[PROPOSED] FINAL ORDER AND JUDGMENT OF DISMISSAL**

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice of Settlement, dated ___ (the "Preliminary Approval Order"), on the application of the settling parties for approval of the Settlement as set forth in the Settlement Agreement, dated November 14, 2024 and the Revised Settlement Agreement dated December 4, 2024, between Plaintiffs Agustin Caccuri, Adrian Cendejas, and Alan Neumark ("Plaintiffs"), individually and on behalf of the proposed Settlement Class, and Sony Interactive Entertainment LLC ("SIE" or "Defendant"). Due and adequate notice having been given of the proposed Settlement to the Settlement Class as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein, and good cause appearing,

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT**:

1.  Unless otherwise defined herein, capitalized terms herein shall have the meanings ascribed to those terms in the Revised Settlement Agreement, including without limitation the Settlement Class described in the Revised Settlement Agreement.

2.  This Court has jurisdiction over this Class Action ("Action"), all matters relating to the Settlement, and all the parties and members of the Settlement Class pursuant to 28 U.S.C. § 1332(d).

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Preliminary Approval Order and finally certifies, for settlement purposes only, a Settlement Class defined as: all persons in the United States who purchased through the PlayStation Store one or more video games for which a game-specific voucher ("GSV")[1] was available at retail prior to April 1, 2019, for which a total of at least 200 GSV redemptions were made prior to April 1, 2019, and for which the post-discount price increased by at least fifty cents from: (a) the period between January 1, 2017 and March 31, 2019; as compared to (b) the period between April 1, 2019 and December 31, 2023. The class period shall be April 1, 2019 to December 31, 2023. Excluded from the Settlement Class are: (1) Defendant and its counsel, officers, directors, management, employees, parents, subsidiaries and affiliates; and (2) the Court and its employees.

4. Pursuant to Rule 23, and for purposes of settlement only, the Court hereby affirms its determination in the Preliminary Approval Order and finally certifies Plaintiff Adrian Cendejas as Class Representative, and finally appoints the law firm of Motley Rice LLC as Lead Counsel.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finds that in light of the complexity and expense of further litigation, and the costs of continued litigation, the Settlement is, in all respects, fair, reasonable, adequate to, and in the best interests of Class Representative Plaintiff Cendejas and members of the Settlement Class, and that the Settlement was the result of arm's-length negotiations, with the assistance of mediator Mr. Christopher Hockett, by experienced counsel representing the interests of the Class Representative Plaintiff and the members of the Settlement Class. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions in the Revised Settlement Agreement. The settling parties, to the extent that they have not already done so, are hereby directed to perform the

---

[1] A GSV is a physical voucher or an electronic code purchased from a non-SIE retailer that enables a PlayStation user to download a specific games from the PSN.

obligations set forth in the Revised Settlement Agreement.

6. The Action, and all claims contained therein, are dismissed with prejudice as against each and all of the Releasees, without costs or attorneys' fees recoverable under 15 U.S.C. § 15(a), except as awarded by the Court and where expressly reserved in the Revised Settlement Agreement. In addition, the Class will not make applications against any Releasees, and the Releasees will not make applications against Plaintiffs, the Class, or Class Counsel for fees, costs, or sanctions pursuant to Rule 11, Rule 37, Rule 45, or any other Court rule or statute, with respect to any claims or defenses in this Action or to any aspect of the institution, prosecution, or defense of this Action.

7. Once the Revised Settlement Agreement becomes Final, pursuant to its respective terms, all claims released in the Revised Settlement Agreement, including Released Claims of Plaintiffs and the members of the Settlement Class who have not timely and validly opted out, shall be released and forever released, relinquished, compromised, settled, resolved, waived, and discharged by all members of the Settlement Class and Releasors as against the Releasees, whether or not such Settlement Class members participate in the Settlement Fund.

8. Once the Revised Settlement Agreement becomes Final, pursuant to its respective terms, all Settlement Class members and Releasors shall be forever barred and enjoined from directly or indirectly asserting, commencing, instituting, maintaining, enforcing, intervening in or participating in, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity (whether state, federal, or in a court of foreign jurisdiction), arbitration tribunal, administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity) any of the Released Claims against any of the Releasees.

9. Once the Revised Settlement Agreement becomes Final, pursuant to and only to the extent of its respective terms, the Releasees and the Released Parties shall be deemed to have, and by operation of this Order shall have, fully, finally, and forever released, relinquished, and discharged the

Plaintiffs, the Releasors, each and all of the members of the Settlement Class, and Interim Lead Counsel from all claims whatsoever arising out of, relating to, or in connection with the investigation, institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, except for those claims brought to enforce the Settlement.

10. Once the Settlement becomes Final, any and all claims for contribution, however denominated, based upon or arising out of the Released Claims: (a) by any person or entity against any of the Releasees; or (b) by any of the Releasees against any other person or entity, other than a person or entity whose liability has been distinguished by the Settlement, are permanently barred, extinguished, and discharged to the fullest extent permitted by 15 U.S.C. § 78u-f(f)(7) or any other law.

11. The Court finds that the implementation of the Notice Plan constituted the best notice practicable under the circumstances, including individual notice to all members of the Settlement Class who could be identified through reasonable effort, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

12. Neither any objection to this Court's approval of the Plan of Allocation submitted by Interim Lead Counsel; to any portion of the Order regarding the attorneys' fees, costs, and expense application; nor any service award to Plaintiffs shall in any way disturb or affect the finality of this Final Order and Judgment of Dismissal.

13. The releases set forth in the Revised Settlement Agreement shall be given full force and effect.

14. Neither this Judgment, nor the Revised Settlement Agreement, the Settlement, any of its terms or provisions, any act performed or document executed pursuant to or in furtherance of them, nor any of the negotiations or proceedings connected with them, including the Parties' mediation, term sheet, and subsequent Settlement, the communications and/or discussions leading to the execution of the term sheet and Revised Settlement Agreement, and/or approval of the Settlement (including any

4

arguments proffered in connection therewith): (a) is or may be deemed to be or may be used as an admission, concession, or evidence of the validity of any Released Claim; the truth of any fact alleged in the Action; the deficiency of any defense that has been or could have been asserted in the Action; or of any alleged wrongdoing, liability, negligence, or fault of any Releasees; or (b) is or may be deemed to be or may be used as an admission, concession, or evidence of any fault, misrepresentation, or omission, including with respect to any statement or written document attributed to, approved, or made by any of the Releasees in any civil, criminal, administrative, or other proceeding before any court, administrative agency, arbitration tribunal, or other body. Any of the parties to the Revised Settlement Agreement, including Releasees, may file the Settlement Agreement or Revised Settlement Agreement and/or this Final Order and Judgment of Dismissal in any other action or other proceeding that may be brought against them in order to support a defense, argument, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, argument, or counterclaim, or to effectuate the protections from liability granted hereunder or otherwise enforce the terms of the Settlement.

15. This Court previously directed that Notice be disseminated to Settlement Class members. By her Declaration dated December 13, 2024 Elaine Pang of A.B. Data, Ltd., noted that the Notice Plan will be implemented. Interim Lead Counsel has submitted a Declaration dated ___, indicating that the Notice Plan was implemented. **[TBD]** members of the Class requested exclusion or objection. Those members of the Settlement Class who timely and validly requested exclusion shall not be bound by the Orders of this Court as Settlement Class members and shall not participate in the distribution of the Settlement Amount, or benefits of the Revised Settlement Agreement. With the exception of Settlement Class members who timely and validly requested exclusion from the Settlement, the terms of the Revised Settlement Agreement and of this Judgment shall be forever binding on

Defendants, Plaintiffs, and all other members of the Settlement Class, as well as their respective successors and assigns.

16. Without affecting the finality of this Final Order and Judgment of Dismissal in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; (b) disposition of the Settlement Amount; and (c) all parties in this action for the purpose of construing, enforcing, and administering the Revised Settlement Agreement and this Final Order and Judgment of Dismissal.

17. After determining the number of qualified purchases and amounts, the Settlement Administrator shall assist SIE in the disbursement of the Settlement Amount, after the deduction of attorneys' fees, costs, expenses, and service awards approved by the Court, in accordance with the Revised Settlement Agreement and Plan of Allocation without further Order of this Court.

18. The Court finds that during the course of this Action, the settling parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. Pursuant to and, in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Settlement Class members advising them that: (a) Interim Lead Counsel would seek an award of attorneys' fees of up to one-third (1/3) of the Settlement Amount, on behalf of all of Plaintiffs' counsel, and reimbursement of costs and expenses incurred in connection with the prosecution of the Action. Adequate notice was also provided that Agustin Caccuri, Adrian Cendejas, and Allen Neumark will also seek a service award not to exceed $10,000 each, and Settlement Class members had a right to object to such application(s). A full and fair opportunity was given to all members of the Settlement Class to be heard with respect to the Settlement and the application for the award of attorneys' fees, costs, expenses, and service awards.

19. The Court finds and concludes that the requested fee award is reasonable and awards attorneys' fees equal to $_____ of the Settlement Amount ($7,850,000) plus reimbursement of costs and

expenses in the amount of $\_\_\_$, and service award of $\$_____$, to be paid out of the settlement amount.

20. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Settlement Class members advising them of the Plan of Allocation and of their right to object, and a full and fair opportunity was given to all members of the Class to be heard with respect to the Plan of Allocation. The Court finds that the Plan of Allocation, which is set forth in the Notice and proposed settlement of class action sent to members of the Settlement Class, provides a fair and reasonable basis upon which to allocate among members of the Settlement Class the proceeds of the Settlement Amount established by the Revised Settlement Agreement, with due consideration having been given to administrative convenience, costs, and necessity. The Court hereby finds and concludes that the Plan of Allocation set forth in the Notice is in all respects fair and reasonable and the Court hereby approves the Plan of Allocation.

21. All agreements made and Orders entered during the course of the Action relating to the confidentiality of information shall survive this Final Order and Judgment of Dismissal, pursuant to their terms.

22. In the event that the Settlement does not become Final, or in the event that the Settlement Amount, or any portion thereof, is returned to Defendant, then this Judgment shall be vacated.

23. Without further order of the Court, the settling parties may agree to reasonable extensions of time to carry out any of the provisions of the Revised Settlement Agreement.

24. This Final Order and Judgment dismissing with prejudice all Settlement Class members' claims against Defendants shall be final and appealable pursuant to Fed. R. Civ. P. 54(b), there being no just reason for delay.

DATED: _____

                                                          _____
                                                          The Honorable Araceli Martínez-Olguín
                                                          United States District Court Judge
                                                          Northern District of California