1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7    AGUSTIN CACCURI,                        Case No.  21-cv-03361-AMO
8                 Plaintiff,
                                             **ORDER DENYING PRELIMINARY**
9        v.                                  **APPROVAL OF PROPOSED CLASS**
                                             **SETTLEMENT**
10   SONY INTERACTIVE
     ENTERTAINMENT LLC,                      Re: Dkt. No. 195
11              Defendant.
12
13          This is a putative class action involving allegations of antitrust violations.  Proposed Class

14   Plaintiff Adrian Cendejas moves for preliminary approval of a settlement under Federal Rule of

15   Civil Procedure 23.  ECF 195 ("Mot.").  The motion for preliminary approval is fully briefed and

16   suitable for decision without oral argument.  Accordingly, the hearing set for July 17, 2025, was

17   vacated.  *See* Civil L.R. 7-1(b), Fed. R. Civ. Pro. 78(b).  This Order assumes familiarity with the

18   facts and procedural history of this case.  Having read Cendejas's papers and carefully considered

19   the arguments and the relevant legal authority, the motion is **DENIED** as insufficient for at least

20   the following reasons.

21   **I.      DISCUSSION**

22          The Court's Civil Standing Order states:

23              Any motion for preliminary or final approval of a class action
                settlement must address the respective guidelines in the Northern
24              District of California's Procedural Guidance for Class Action
                Settlements, available at
25              https://www.cand.uscourts.gov/forms/procedural-guidance-for-
                class-action-settlements/, in the order the guidelines are presented on
26              the website.

27   Martínez-Olguín Civil Standing Order § K.  Cendejas failed completely to address the Procedural

28   Guidance, much less in the order presented on the website.  The Court highlights below several of

the most glaring shortcomings in Cendejas's motion for preliminary approval and the parties' proposed settlement. This is not an exhaustive list of deficiencies. It is Cendejas's duty to meaningfully engage with the District's Procedural Guidance for Class Settlements (the "Guidance"). Any renewed motion for preliminary approval shall abide by the Court's instructions and fulfill the Guidance's requirements or it too shall be denied.

### A.    Information about the Settlement

Parties seeking preliminary approval are charged with specifying "[t]he class recovery under the settlement (including details about and the value of injunctive relief), the potential class recovery if plaintiffs had fully prevailed on each of their claims, claim by claim, and a justification of the discount applied to the claims." *See* Guidance § 1(c).

Here, Cendejas's motion does not provide an estimated recovery or a range of potential recovery for class members. The motion fails to include an estimated recovery had the proposed class prevailed on each claim, and it fails to provide any estimate of the discount applied to the claims. Importantly, though the motion acknowledges the potential damages were smaller than initially contemplated, *id.* at 11, the motion provides no estimated class recovery given that discovery. These shortcomings alone warrant denial of Cendejas's motion for preliminary approval because it prevents the Court from meaningfully assessing the fairness of the proposed settlement.

Any renewed motion for preliminary approval must include a chart setting forth the anticipated break down of the $7,850,000 settlement distribution, including amounts estimated for attorney's fees, service awards, costs, administration expenses, and other amounts to be paid. From the resulting net settlement amount, Cendejas shall provide a ballpark estimate or range of amounts to be distributed to each Settlement Class Member.

Moreover, the Settlement calls for Class Members to receive compensation in the form of cash-value PlayStation Network ("PSN") account credits. *See* Buchman Decl., Ex. C, Revised Settlement Agreement at 3. The Court views such PSN account credits as settlement coupons, which are generally disfavored. *See In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1178 n.4 (9th Cir. 2013). Any renewed motion for preliminary approval must address the propriety of such

United States District Court
Northern District of California

settlement coupons and whether the value and structure of this settlement remain defensible. *See Chambers v. Whirlpool Corp.*, 980 F.3d 645, 669 (9th Cir. 2020).

### B.    Changes to Class Definition

When seeking preliminary approval, parties are also required to set forth "[a]ny differences between the settlement class and the class proposed in the operative complaint . . . and an explanation as to why the differences are appropriate."  Guidance § 1(a).  Cendejas acknowledges that differences exist between the Class Definition presented in the Operative Complaint and the Second Consolidated Amended Class Action Complaint.  Mot. at 23.  The amended Class Definition adds two particular limitations: "(i) a requirement that there be at least 200 GSV redemptions prior to April 1, 2019 and (ii) that the post-discount price increase by at least fifty cents."  *Id.* at 23.  Cendejas explains, "While true that there were digital games that had a smaller volume of GSV redemptions, this 'long tail' of games for which there existed de minimus GSV redemptions makes it unlikely that they would have suffered harm under Plaintiffs' theory of injury."  *Id.* at 23.  The Court requires further clarification of Plaintiffs' theory of injury before it can find that the limitations imposed to create the Settlement Class results in equitable treatment of putative class members now excluded.

### C.    Comparable Outcomes

The Guidance also requires the parties to provide information about comparable cases, including settlements and litigation outcomes.  Guidance § 11 ("Counsel should summarize this information in easy-to-read charts that allow for quick comparisons with other cases, supported by analysis in the text of the motion.").  There are no comparators provided in Cendejas's submission and thus no information against which the Court can assess this Settlement.  Any renewed motion for preliminary approval shall include comparable outcomes.

## II.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Cendejas's motion for preliminary approval of the class settlement.  If he can remedy the deficiencies outlined above, Cendejas may file a renewed motion within 30 days of this order.  In addition to addressing the issues highlighted above, the renewed motion should comply with all aspects of the District's Procedural Guidance

for Class Action Settlements.  Moreover, the renewed motion must provide more fulsome discussion of the warning signs that courts must look for before concluding that the settlement is non-collusive as identified by the Ninth Circuit.  *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 938 (9th Cir. 2011).

Should Cendejas elect to not file a renewed approval motion within 30 days, the parties must file a joint status report within 45 days, proposing how this litigation should proceed.

**IT IS SO ORDERED.**

Dated: July 17, 2025

_____

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**